# Page & Jones *v.* Barry.

### Assumpsit.

(Decided November 16, 1916.   73 South. 22.)

1. **Appeal and Error; Harmless Error; Evidence.**—Where evidence originally inadmissible was subsequently rendered admissible, its previous erroneous admission was harmless.

2. **Trial; Jury Question.**—Where the evidence on disputed questions was in great and direct conflict, the issues presented could be decided only by the jury.

3. **Accord and Satisfaction; Cashing Check; Retaining Proceeds.**—The tender to an insurance agent by subagents employed by him, of a check accompanied by an itemized statement of premiums collected, commission reserved, and amounts due, and the cashing of the check by the agent and retaining the proceeds did not constitute payment by the subagent of premiums not collected by them, unless the agent so accepted the check.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Assumpsit by E. T. Barry against Page & Jones.   Judgment for plaintiffs and defendant appeals.   Affirmed.

Transferred from Court of Appeals.

INGE & McLEOD, for appellant.   PALMER PILLANS, for appellee.

MAYFIELD, J.—Appellee sued appellants to recover $316.32. The first four counts were the common counts in Code form; and the fifth and sixth, in special assumpsit.

The fifth count contains, among others, the following allegations, which raise the material issues: "In November, 1910, and for several years subsequent thereto, the plaintiff was an agent

for the Union Marine Insurance Company, Ltd., and had engaged the defendants to act as subagents for the sale of maritime insurance by said company at Mobile. And plaintiff avers that his instructions to the defendants were to collect the premiums accruing on any certificate of insurance upon delivery of such certificate of insurance to the party purchasing same, and advised defendants that he would look to them for payment of any premiums earned but not collected by reason of their failure to collect same upon delivery of the certificate. And plaintiff further avers that the said Union Marine Insurance Company held him (plaintiff) responsible for any such uncollected premiums, and required him to pay them, and that defendants were advised of this fact. But so it is, as plaintiff avers that the defendants, contrary to plaintiff's instructions in the premises, delivered sundry certificates of insurance to persons purchasing them, without collecting the premiums, and that neither plaintiff nor defendants have ever been able to collect the said premiums. And plaintiff avers that the persons to whom said certificates were delivered, and the amount of premiums earned and due on same are as follows," etc.

The count, continuing, sets out a number of items, and concludes by averring demand, and failure to pay.

The sixth count is practically the same as the fifth, with the additional averment that plaintiff had been compelled to pay the amount sued for to the Union Marine Insurance Company, and that he therefore sued to recover the amount from defendants who were primarily liable therefor. The trial was had on the general issue, payment, the statute of limitations of three years, and one plea setting up a waiver of the instructions of plaintiff to defendants as alleged above, and, lastly, a plea of accord and satisfaction. The trial resulted in a verdict and judgment for plaintiff, and defendants appeal.

The evidence of plaintiff, if true, supported the verdict and judgment; and that of the defendants tended to deny liability. There are many assignments of error as to rulings on evidence that need not be considered, because the ruling could not have injured appellants.

(1) If some of the evidence offered by plaintiff was not admissible when offered, it was subsequently rendered admissible, and the error of its admission cured. The defendants subsequently offered the very evidence offered by plaintiff.

[Page & Jones v. Barry.]

(2) The whole record shows that there was really no dispute as to the amounts of the several items of premiums which were not collected, nor as to the credits paid by defendants. The real dispute was the liability of defendants for the failure to collect unpaid premiums due on certificates of insurance issued by them as subagents for plaintiff, and whether the plaintiff or the defendants were liable to pay a month's salary of one McKnight, who was sent to the defendants by the plaintiff or by the insurance company. The evidence of the plaintiff and that of the defendants on these two disputed questions was in great and direct conflict. As the two questions could be decided only by the jury they were properly submitted to the jury for their decision. The general affirmative charge was properly given in favor of the plaintiff as to the plea of the statute of limitations.

(3) The defendants introduced in evidence a check payable to plaintiff together with an itemized statement of premiums collected, commissions reserved, and amounts due to that date, which is claimed by defendants to amount to payment, or to accord and satisfaction of all amounts due from defendants to plaintiff. The evidence was in conflict, however, as to whether or not this check was received, or intended to be received, in full satisfaction of the whole amount; and hence this question was properly submitted to the jury under appropriate instructions. The court, at plaintiff's request, instructed the jury as follows on this subject: "The court charges the jury that the tender of the check accompanied by the statement in evidence, and that the cashing of the check by the plaintiff and the retention by the plaintiff of the proceeds thereof did not constitute a payment by defendants to plaintiff of premiums not collected, unless the jury is reasonably satisfied from the evidence that the plaintiff so accepted it."

There was no error in the giving of this instruction. The plaintiff's evidence denied that the check was received, or was intended to be received, in full satisfaction as to the premiums not collected.

There is involved on this appeal no new or intricate questions of law or fact, and no good could come of a lengthy discussion of the various assignments of error. It is sufficient to say that none of the assignments insisted upon has been overlooked, and that after careful consideration we find no reversible error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.