## STATE v. FRAZER.

Under Rev. Code Cr. Proc. § 206, requiring the names of witnesses known to the state's attorney, to be indorsed on the information, one who objects to a witness because his name is not so indorsed should show that the witness was known to the state's attorney, and this is not shown by the fact that the name of the witness is the same as the name of the person alleged to have been assaulted, and if the state's attorney is not shown to have known of the witness when the information was filed, and the court rules accordingly, such rule is not rendered erroneous by the subsequent disclosure of such fact.

Where prosecuting witness has testified that his feeling toward the accused was not friendly, it is not an abuse of the discretion of the court to refuse to allow him to answer a question on cross-exam·ination as to whether he did not have some trouble with accused several days before the assault charged about a dog belonging to accused.

Accused is not prejudiced by the refusal of the court to allow a prosecuting witness to be cross-examined as to a quarrel with accused prior to the date of the commission of the crime, where there was no dispute as to the facts concerning which the witness had testified.

It was not error, in a prosecution for assault, to refuse to allow a witness for the state, who had testified to the assault, to reply to a question on cross-examination as to a conversation in which the person assaulted proposed to injure a dog belonging to accused.

In a prosecution for assault with intent to kill, an instruction that, if the jury was satisfied beyond a reasonable doubt that accused assaulted a person named and shot at him, "you would have a right to infer that he intended to kill him, unless there is a reasonable doubt in your minds, growing out of all the evidence, as to whether defendant at the time of the shooting was capable of forming an intent," is erroneous as directing the jury to find defendant guilty provided he was capable of forming any intent whatever, there being no dispute that defendant shot at the person named, and as excluding the inference that the shooting might have been done merely with intent to injure, thus precluding the jury from finding the defendant guilty of a lesser offense, and from determining from all the evidence whether the shooting was done with intent to kill, or merely to injure.

A failure of the court to charge regarding a lesser offense than the one charged in the information is not reversible error, in the absence of any request to so charge on the part of defendant.

(Opinion filed, May 21, 1909.)

Appeal from Circuit Court, Lawrence County. Hon. WILLIAM G. RICE, Judge.

William K. Frazer was convicted of an assault with intent to kill, and appeals. Reversed.

See, also 22 S. D. 291, 117 N. W. 366.

*Chambers Kellar, Thomas Harvey,* and *Robert C. Hayes,* for appellant. *S. W. Clark, Atty. Gen.,* and *Robert P. Stewart, State's Attorney,* for the State.

HANEY, P. J. The information charges an assault with intent to kill, upon one Isaac Trotter. It is contended the court erred in allowing a witness to testify whose name was not indorsed on the information. The exception is thus stated: "Isaac Trotter was then called and sworn as a witness on behalf of the state. Thereupon the defendant objected to the giving of any testimony by this witness on the ground that his name is not indorsed on the information, and that the name of this witness was necessarily known to the state's attorney at the time of filing said information. Said objection was overruled by the court, and the defendant duly excepted." The statute, as revised in 1903, only requires the names of witnesses known to the state's attorney, when the information is filed, to be indorsed thereon. Rev. Code Cr. Proc. § 206. The name "Isaac Trotter" was not indorsed. One who objects to a

witness because his name is not indorsed should show that the witness was known to the state's attorney when the information was filed. State v. King, 9 S. D. 628. There is nothing in the record, save the identity of names, tending to identify the witness as the person alleged to have been assaulted. The objection itself did not assert that the witness and the assaulted person were the same. The court was bound to assume that the state's attorney had properly performed his official duties. The record discloses nothing opposed to this presumption, except the inference arising from the identity of names. The existence of the fact upon which the objection was predicated was not shown when the ruling was made, and such ruling could not be rendered erroneous by the subsequent disclosure of such fact. State v. Vey, 21 S. D. 612, 114 N. W. 719.

The person assaulted, called as a witness on behalf of the state, was not allowed to answer the following questions on cross-examination: "I will ask you if you did not have some trouble, some words with Mr. Frazer, several days before this shooting, about Mr. Frazer's dog? I will ask you Mr. Trotter, if you did not say to Mr. Frazer, the defendant, before this shooting, that you intended to turpentine his dog?" It is claimed this testimony should have been received for the purpose of showing the nature and extent of the witness' feeling and bias against the defendant. The witness had testified that his feeling toward the accused was not friendly; that he had never any particular use for him. While it may be reversible error not to permit any cross-examination as to the feeling or bias of a witness, the extent of such cross-examination rests in the sound discretion of the trial court. State v. Mulch, 17 S. D. 321, 96 N. W. 101; 3 Jones, Ev. § 830. There was no abuse of discretion in this instance. Moreover, the defendant could not have been prejudiced, as there was no dispute as to the facts concerning which this witness' testimony was given.

A witness on behalf of the state, having testified to the assault, was asked these questions on cross-examination: "I will ask you if you had a conversation in the presence of Isaac Trotter, and in the presence of Arthur Hansen, in the early morning of February 6th, along about 1 o'clock, relative to turpentining Mr.

Frazer's dog? I will ask you if this language was not used at that time, this remark by Mr. Trotter, 'Let's turpentine Frazer's dog?'" The state's objections were properly sustained. Clearly this was not proper cross-examination, even if the fact sought to be elicited constituted any justification for the crime charged.

An exception was taken to the following portion of the court's charge: "The intent with which the shooting was done is a necessary element of this offense and must be established by the state, the same as any other material fact, to your satisfaction beyond a reasonable doubt. I charge you further, gentlemen of the jury, as a matter of law, that if the state has satisfied you by the evidence in the case, beyond a reasonable doubt, that the defendant, * * * made an assault upon one Isaac Trotter, there present, and shot at him you would have a right to infer that he intended to kill him unless there is a reasonable doubt in your minds, growing out of all the evidence, as to whether the defendant at the time of the shooting was capable of forming an intent, for the reason that every one is presumed to know the probable results of his own acts." This instruction was erroneous. It, in effect, directed the jury to find the defendant guilty of the crime charged, provided he was capable of forming any intent whatever, as there was no dispute concerning the fact that defendant shot at and hit Trotter at the time and place alleged in the information. It excluded the inference that the shooting might have been done merely with intent to injure or to do bodily harm, and precluded the jury from finding the defendant guilty of the lesser offenses. Though the failure to charge regarding the lesser offense was not reversible error, in the absence of any request to so charge on the part of the defendant (State v. Horn, 21 S. D. 237, 111 N. W. 552), it clearly was prejudicial to the accused to create the impression that the fact of the shooting in itself, could give rise to no other inference than that of an intent to kill. Whether the shooting was done with intent to kill, merely to injure, or without any unlawful purpose, was for the jury to determine from all the evidence, and though the jury were not expressly told to infer an intent to kill, from the fact of the shooting, they must have received the impression that such fact, as a matter of law, gave rise to no other

inference. It would have been better to have omitted any allusion to the inferences arising from the mere fact of the shooting; indeed, it is by no means certain if such allusions are not in themselves erroneous. But, however that may be, it certainly was reversible error to attempt to instruct the jury regarding the probative force of the fact of the shooting without stating all the inferences which migh flow from such fact.

Testimony tending to prove an injury to defendant's dog, inflicted by the assaulted person shortly before the assault was committed, was excluded. Without deciding whether it was competent as part of the res gestæ, it is suggested that upon a retrial this feature of the case should receive careful consideration, as the circumstances attending such an assault usually are admissible to aid the jury in determining the question of intent, and this is so whether the circumstances tend to prove or disprove the specific intent alleged.

The judgment of the circuit court is reversed, and a new trial ordered.