## 1947.  GOSSETT *v.* THE STATE.

1. In making a preliminary statement to the jury of facts which he intends or expects to prove, the solicitor should confine himself to facts which, under the rules of law governing the admissibility of evidence, he will be allowed to prove; and when his statement embraces irrelevant and prejudicial facts, the court, on objection, or sua sponte, should interfere and instruct the jury to disregard those facts which are irrelevant and prejudicial and which have been improperly stated.
2. The admission of testimony merely irrelevant is usually an immaterial error, but when such testimony, in addition to its irrelevancy, is also presumptively prejudicial to the defendant, another trial should be granted. Especially is this true when the relevant evidence is not clear and satisfactory as to his guilt.

Accusation of misdemeanor, from city court of Richmond county—Judge Eve.  October 8, 1908.

Argued June 23,—Decided July 6, 1909.

*Archibald Blackshear,* for plaintiff in error.

*J. C. C. Black Jr., solicitor,* contra.

HILL, C. J.  Gossett was convicted of a violation of §343 of the Penal Code, which reads as follows:  "Any person who shall intentionally point or aim a gun or pistol, whether loaded or unloaded, at another, not in a sham battle by the military, and not in self-defense, or in defense of habitation, property or person, or other instances standing upon like footing of reason and justice, shall be guilty of a misdemeanor."  The defendant's motion for a new trial was overruled, and he brings error.  Besides the general grounds, his motion contains numerous assignments of error.  The evidence was in sharp conflict on the question of the defendant's guilt, the prosecutrix and one witness swearing that at the time alleged in the accusation the defendant pointed and aimed a pistol at the prosecutrix, and three other witnesses, who were present on the occasion referred to, testifying that the defendant did not point and aim a pistol at the prosecutrix.  If there was a preponderance on either side, it was in favor of the defendant.  But the jury, in the exercise of their exclusive right, discredited the defendant's witnesses, as well as his statement, and accepted the testimony of the prosecutrix and the other witness as the truth.

There are several special assignments of error which relate only to one subject-matter and can be considered together.  In opening

the case to the jury the solicitor stated that he intended to prove that the defendant was a policeman of the City of Augusta; that he went to a house of ill fame and got the prosecutrix, who was a woman of ill fame, and two other prostitutes to go with him and two other men to Lombard's pond, and that he paid the prosecutrix $5 to go with him; that he obtained a large quantity of intoxicating liquors before starting out to the pond, and, on his way out in company with these men and lewd women, passed his home, stopped his hack, went into his house, and forced his wife to give him $20 to use in his debauch; that some time before the offense in question was alleged to have been committed, the defendant beat the prosecutrix, who was drunk, and permitted one of the other lewd women in his company also to beat her; that after beating the prosecutrix he forced her to get out of the hack in which they were riding and left her in a ditch on the edge of a pond, in a most horrible physical condition, where she remained until next morning. When the solicitor began this statement to the jury the defendant's counsel objected to it on the ground that it was entirely irrelevant and highly prejudicial to the defendant, and urged the court to exclude it from the consideration of the jury and to prohibit the solicitor from continuing to make such statements; which objection was overruled. Subsequently, when the solicitor offered his witnesses to prove the facts which he had outlined in his statement, the testimony was objected to by the defendant upon the same grounds that had been urged against the statement itself, to wit, that the testimony was irrelevant and prejudicial to the defendant. This objection was overruled, and the witnesses were allowed to testify to facts in substantial accord with the opening statement of the solicitor.

In the case of *Dowda* v. *State*, 74 *Ga*. 12, the Supreme Court commended the practice of an opening statement by the solicitor-general of what he expected to prove in behalf of the State, on the ground that it gave to the accused information of the facts that he was expected to meet. This commendation, however, could properly apply only to a statement of facts which the solicitor-general really expected to prove, and which, under the rules of evidence, he would be allowed to prove. It certainly could not apply to allegations which could not be supported by evidence, or which, even though true, could not, under the rules of law, be admitted

as evidence against the defendant. In our opinion the statement by the solicitor of what he expected to prove in this case was improper and should not have been permitted by the court. Every fact in the statement was entirely irrelevant and immaterial, and could not in any possible manner illustrate the material allegations of the indictment. The defendant was charged with the offense of intentionally pointing and aiming a pistol at the prosecutrix. The fact that he may have gone to a lewd house and organized a debauch in company with lewd women, and purchased intoxicating liquors, and gone by his home, where he obtained $20 from his wife to use in his debauch, could not, by any stretch of the imagination, throw light upon the act of aiming and pointing a pistol at the prosecutrix. It is insisted by the learned solicitor that these facts were relevant and material, as tending to show motive on the part of the defendant in pointing and aiming a pistol at the prosecutrix. In the first place, under the definition of this offense, the question of motive is wholly immaterial. A person charged with a violation of this statute would, if he pointed and aimed a pistol at another, be equally guilty whether he did so with a good or a bad motive. This statute was doubtless inspired by a desire on the part of the legislature to prevent the many casualties caused by the reskless and careless pointing of guns or pistols, whether seriously or in fun, and to stop the habit of pointing guns at others even in a spirit of mischief, under the impression that they were not loaded. The statute was not necessary to prevent the pointing and aiming of a gun or pistol at another with an evil purpose. These things were already provided for by other provisions of the Penal Code, relating to assaults, assault and battery, assault with intent to murder, etc. If the defendant had been on trial for an assault, or an assault and battery, or for an assault with intent to murder the prosecutrix, any previous maltreatment of her by him would probably have been admissible; but even in such cases some of the other facts which the solicitor said he intended to prove would not have been admissible, such as going to a lewd house, organizing a debauch with lewd women, going by his own home with the insult to his wife, implied by the presence of such characters, and the obtaining from her of $20 to use in his debauch, and the purchasing of intoxicating liquors; for these things would not only be irrelevant, but would tend to show that

the defendant was a man of bad character, and would contravene the well-established rule of evidence that in this State the defendant's character in a criminal case can not be put in issue, except by himself. The statement of the solicitor, therefore, was not only irrelevant, but in this case, where the relevant and material evidence was in conflict, was presumptively prejudicial. The facts stated by the solicitor did not tend to show that the defendant was guilty of aiming a pistol, but did tend to show that he was an immoral, brutal, and cruel man.

Of course, what we have said as to the statement of the solicitor applies also to the testimony which he introduced in proof of his statement. If the statement was improper for the reasons stated, the testimony in support of it was for the same reasons inadmissible. The solicitor should have been stopped by the court, and the jury should have been cautioned not to consider the statement of these irrelevant matters; and the testimony relating to these matters should have been excluded. Ordinarily the fact that testimony which was admitted was merely irrelevant would not be sufficient ground for new trial; but when such testimony is not only irrelevant but tends to prejudice the jury against the defendant in a case where his guilt of the offense for which he is on trial is not clearly made out by competent evidence, the defendant has not had that fair trial to which he is entitled under the law, and which justice demands. In this case we think the defendant should be tried alone for the offense with which he is charged, and the issue of his guilt or innocence of this offense should be determined alone by relevant testimony. To charge a man who is on trial for the offense of intentionally pointing a pistol at another with being immoral, brutal, cruel, and drunk, places upon him a heavy and unfair burden; and if his guilt of the offense for which he is being tried is in doubt, the jury would probably be inclined to solve the doubt against him.

The other special assignments of error are without merit.

*Judgment reversed.*