STATE OF MAINE, By Complaint, *vs.* ROBERT H. BENNETT.

Hancock.    Opinion February 19, 1918.

*Duty of County Attorneys. Right of court to appoint attorneys to assist State's Attorney in the prosecution of any case.*

This cause originated by complaint and warrant issued from the Ellsworth Municipal Court, came by appeal to the Supreme Judicial Court, was there tried before a jury, and the respondent found guilty.

Thereupon exceptions were filed and allowed. Those exceptions were two in number, the first being based upon the allowance, by the presiding Justice, of an attorney other than the County Attorney "to take part in the trial of said cause, to cross examine the respondent's witnesses, and to argue the cause to the jury;" and the second being based upon the admission of the testimony of a certain witness.

*Held:*

1. When it appears to the court that such facts and circumstances exist that the public interest requires that the State's Attorney have the aid of some counsellor of the court in the trial of the cause, the court will appoint such persons as may seem to them best fitted under the circumstances to aid in the promotion of justice. The selection and appointment of such persons lies in the discretion of the presiding Judge—The exercise of this power is not the subject of exception unless it infringes some rule of law. The needs and exigencies of the case are for his consideration and cannot be reviewed upon exceptions.

2. While the bill of exceptions states that it does not appear from the docket entries who employed the assisting counsel, nor that assisting counsel was especially appointed by the court, yet it does appear in the bill that assisting counsel was allowed to appear as counsel for the State at the request of the County Attorney, that objections were formally made by respondent and were overruled, all of which must be equivalent in effect to an appointment by the court.

3. In a complaint for indecent exposure of the person, evidence of other acts of the respondent, of the same kind as that charged in the complaint, are admissible for the purpose of showing intent.

Complaint and warrant charging respondent with indecent exposure. Respondent was found guilty in Municipal Court and entered his appeal to the Supreme Judicial Court, where after trial a verdict of guilty was rendered. Respondent filed exceptions to the admissi-

bility of certain testimony, and also as to the ruling of the Justice presiding permitting counsel to assist the State's Attorney in the prosecution of the case. Exceptions overruled. Judgment for State.

Case stated in opinion.

*Fred L. Mason, County Attorney, and Deasy & Lyman,* for State.

*P. H. Gillin, D. E. Hurley, and E. N. Benson,* for respondent.

SITTING: CORNISH, C. J., SPEAR, KING, PHILBROOK, MADIGAN, JJ.

PHILBROOK, J. This cause originated by complaint and warrant issued from the Ellsworth Municipal Court, came by appeal to the Supreme Judicial Court, was there tried before a jury, and the respondent found guilty.

Thereupon exceptions were filed and allowed. Those exceptions were two in number, the first being based upon the allowance, by the presiding Justice, of an attorney other than the County Attorney "to take part in the trial of said cause, to cross examine the respondent's witnesses, and to argue the cause to the jury;" and the second being based upon the admission of the testimony of a certain witness.

The bill of exceptions claims that the other attorney was "allowed to appear as counsel for the State" at the request of the County Attorney.

R. S., Chap. 84, Sec. 18, provides that "The county attorney shall attend all criminal terms held in his county, and act for the state in all cases in which the state or county is a party or interested. . . ." Section 21 of the same chapter provides that "When he does not attend a criminal session, or the office is vacant, the court may appoint an attorney to perform his duties during the session."

The evidence discloses that the County Attorney, for the County in which the cause was tried, was present taking an active part in the trial.

The respondent cites *State* v. *Reed,* 67 Maine, 127, but that case was decisive only of the necessity, or otherwise of signature of an indictment by the County Attorney, and has no bearing here. He also cites *State* v. *Clough,* 49 Maine, 573, which related only to the validity of an indictment returned by a grand jury, some of the members of which it was found were not legally drawn, and is equally inapplicable. The only other case cited in respondent's brief is *Rounds, Petitioner,* v. *Smart,* 71 Maine, 380, but that can have no bearing upon this case as

it was a discussion of the act of 1880 which provided to persons, claiming to be elected to the office of County Attorney, a more summary and inexpensive remedy to try title to the office than those provided by quo warranto and mandamus.

On the other hand the precise point in controversy was settled by this court half a century ago, and the rule then established has not been reversed. In *State* v. *Bartlett*, 55 Maine, 200, that rule was thus stated, "When it appears to the court that such facts and circumstances exist that the public interest requires that the state's attorney have the aid of some counsellor of the court in the trial of the cause, the court will appoint such person as may seem to them best fitted under the circumstances to aid in the promotion of justice." In the same opinion the court further says, "The selection and appointment of such persons lies in the discretion of the presiding judge. . . . . The exercise of this power is not the subject of exception unless it infringes some rule of law. The needs and exigencies of the case are for his consideration and cannot be reviewed upon exceptions." Again quoting from the same opinion, "The great end to be attained is a just conclusion and a true verdict in the case. Whether or not this can best and most securely be attained by the aid of others in conjunction with the prosecuting officer, must, when such aid is requested by such officer, be determined by the presiding Judge. Who is best adapted to accomplish those ends, must also be decided by him, and those decisions are not subject to revision here unless the person appointed be disqualified by some rule of law." Many citations might be made from the courts of other states, in harmony with this rule but we consider such citations unnecessary. While the bill of exceptions states that it does not appear from the docket entries who employed the assisting counsel, nor that assisting counsel was especially appointed by the court, yet it does appear in the bill that assisting counsel was allowed to appear as counsel for the State at the request of the County Attorney, that objections were formally made by respondent and were overruled, all of which must be equivalent in effect to an appointment by the court.

The second exception is to the admission of the testimony of a witness, other than the complainant, who related other acts of the same kind charged against the respondent. The complaint charges the offense to have been committed in the presence of divers persons between the first day of November, A. D. 1916, and the twenty-first

·day of February, A. D. 1917.    In his bill of exceptions the respondent complains that the "evidence was offered in the trial of said cause, to establish the commission of the misdemeanor charged in the complaint and warrant, that similar acts had been committed by the respondent at different times, in the presence of different persons, other than the person against whom it is alleged in the complaint and warrant he committed the particular act for which he was then on trial."    The State claims that the testimony was properly offered to show intent and not for the purpose claimed by the respondent. Under the rule enunciated by this court in *State* v. *Acheson,* 91 Maine, 240, this being a complaint for indecent exposure, the testimony objected to was clearly admissible for the purpose of showing intent.

As to the merits of the case, it might be added, that the entire evidence, which respondent incorporates into the bill of exceptions, shows the guilt of the respondent beyond any reasonable doubt, and these exceptions cannot afford an avenue of escape from the results of his criminal conduct.

*Exceptions  overruled.*
*Judgment for the State.*