## RESERVE LOAN LIFE INSURANCE COMPANY *v.* LEISING.

[No. 10,987.   Filed March 5, 1922. ° Rehearing denied April 18, 1922.]

1.   APPEAL.—*Review.—Harmless Error.—Admission of Evidence. —Cure by Subsequent Evidence.*—In an action on a life policy, although the statement of defendant's counsel to the jury that the evidence would show that defendant began issuing policies containing a military rider limiting liability on May 1, 1916, before the policy in suit was executed, was insufficient to lay the foundation for the introduction by plaintiff, while offering his evidence in chief, of a policy without the rider attached issued to his witness on June 24, 1916, and the admission of such policy was error, such error was harmless, where the policy was rendered admissible in rebuttal by defendant's subsequent testimony fixing the time when defendant began attaching such riders to its policies as "about the middle of June." pp. 199, 200.

2. TRIAL.—*Evidence.—Admissibility.—Statement of Counsel to Jury.*—An attorney's statement to the jury of what he expects to prove on the trial of a cause is not sufficient to lay the foundation for the admission of evidence otherwise inadmissible. p. 200.

3. NEW TRIAL.—*Motion.—Sufficiency. — Newly-Discovered Evidence.—Affidavit of Witness.*—Where motion for new trial on the ground of newly-discovered evidence was not accompanied by the affidavit of the witness by whom the new evidence was to be established, and no excuse was given for the failure to produce such affidavit, the motion was properly denied. p. 201.

4. INSURANCE.—*Life Insurance.—Action on Policy—Verdict.—Evidence.—Sufficiency.*—In an action on a policy of life insurance, in which plaintiff claimed that a military rider relied on by defendant to limit its liability was not attached to the policy originally, but was affixed after the policy was surrendered to defendant's agent, when proof of death was made, verdict for plaintiff *held* supported by the evidence. p. 201.

From Decatur Circuit Court; *John W. Craig,* Judge.

Action by Bernard Henry Leising against the Reserve Loan Life Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Guilford A. Deitch, Frank G. West* and *Wickens, Osborne & Hamilton,* for appellant.

*A. B. Wycoff, George L. Tremain* and *Rollin A. Turner,* for appellee.

REMY, J.—Action by appellee against appellant on a policy of insurance on the life of appellee's son who died while in the military services of the United States. The complaint is in one paragraph, with the usual averments in cases of this character, except that it contains an allegation that after the death of the insured, the possession of the policy was surrendered to appellant's agent who, at the time stated that he wanted the policy for the purpose of making proofs of death; that the policy was later returned to appellee, but that while out of appellee's possession, and without appellee's knowledge or consent, the policy was altered by strik-

ing therefrom the words, "and no permit or extra premium will be required for military or naval service in time of war or in time of peace," and by attaching to the policy a rider containing the provision that death of the insured while engaged, without the company's permission, in military service in time of war "shall render the company liable for only the reserve maintained" on the policy. In addition to a general denial, appellant filed a second paragraph of answer in which it is averred that the insured met his death while engaged in military service in time of war, by reason of which the company was rendered "liable only for the reserve on the policy" in the sum of $35, for which amount with interest appellant offered to confess judgment.

A trial resulted in a verdict for appellee for the full amount of the policy.

Appellant has assigned as error the action of the court in overruling its motion for a new trial.

At the trial, the only controversy related to the issue as to whether or not the alterations of the policy were made before the policy was issued or after the death of the insured.

In his opening statement to the jury, counsel for appellant said that the evidence would show that his company began issuing the policies containing the military rider on May 1, 1916, before the policy in suit was issued the nineteenth day of the following July. During the progress of the trial, and while appellee was offering his evidence in chief, one Hartman, a witness for appellee, identified a policy of life insurance which he stated had been issued to him by appellant on June 24, 1916, which policy was then offered in evidence by appellee. To this evidence objection was made by appellant's attorney on the ground that it did "not in any way tend to prove or disclose

any fact as to any change in the policy contract sued on." · The court overruled the objection, and in admitting the evidence made the following statement: "For the purpose of consideration by the jury in determining whether or not the policy in suit had the military rider attached at the time it was issued, and in view of the statement of counsel for the defendant that the company had begun issuing such riders some time before the date shown on the Hartman policy, this exhibit will be permitted to go to the jury." It is urged by appellant that this action of the court, which was assigned as one of the grounds for a new trial, is reversible error. On the other hand, it is contended by appellee that if the admission of the policy in evidence was improper, the error was invited by appellant's attorney by his remarks in the opening statement, and that appellant is in no position to complain. We cannot concur in this view. An attorney's statement to the jury of what he expects to prove on the trial of a cause is not sufficient

2. to lay the foundation for the admission of testimony otherwise inadmissible. *Davis* v. *Calvert* (1833), 5 Gill & J. (Md.) 269, 25 Am. Dec. 282;

1. *Fox* v. *Peninsular, etc., Works* (1891), 84 Mich. 676, 48 N. W. 203; 38 Cyc 1327. The error, however,· is not available to appellant, for the reason that in submitting its evidence, two witnesses were produced, each of whom in response to questions propounded by appellant's attorney testified as to the time when appellant began issuing policies with the military rider attached, one of whom fixed the time as "about the middle of June, 1916." By the introduction of this testimony, the Hartman policy was rendered admissible in rebuttal. It is well settled that where, in the trial of a cause, evidence, the original admission of which was erroneous, is subsequently rendered admissible, the error is harmless. *Page & Jones* v. *Barry* (1916), 197.

Ala. 494, 73 So. 22; *Judson* v. *Pratt* (1919), 208 Mich. 286, 175 N. W. 184. It also follows that the court did not err in refusing to give instruction No. 11 tendered by appellant directing the jury that in considering the evidence no consideration should be given to the Hartman policy.

A new trial on the ground of newly-discovered evidence was properly denied, for the reason that the motion was not accompanied by the affidavit of the witness by whom the new evidence was to be established, and no excuse given for the failure to produce such affidavit. *Spaulding* v. *State* (1904), 162 Ind. 297, 70 N. E. 243; *Townsend* v. *Huntzinger* (1908), 41 Ind. App. 223, 83 N. E. 619.

It is earnestly contended that the verdict of the jury is not sustained by sufficient evidence. Much testimony was submitted by appellant tending to prove that the military rider in controversy was attached to the policy at the time it was delivered to the insured. On the other hand two witnesses for appellee testified that after the policy had been delivered to the insured, and before it was surrendered to an agent of appellant at the time proof of death was to be made, the military rider was not attached, but that when the policy was returned by such agent it contained the rider. It also appears from the evidence that there was an imprint on the military rider made by a stamp of the company which stamp had at no time been out of appellant's home office. The jury, in answer to interrogatories returned with the general verdict, found that after the policy in suit had been delivered to the insured, it again came into possession of the officers of appellant at the home office, and that while at the home office it was altered, and the rider attached, in the manner set forth in the complaint. We cannot say that there is no evidence on which the verdict can rest.

The instructions when taken as a whole fairly state the law of the case.

Affirmed.