### 22234, 22235. Smith *v.* The State.

Broyles, C. J. 1. In each of these cases special grounds 1 and 4 of the motion for a new trial except to rulings of the court allowing a witness to answer certain questions propounded to him by the solicitor-general. However, the answers of the witness are not set forth in the grounds, and therefore these grounds raise no question for the consideration of this court.

2. Under repeated rulings of the Supreme Court and of this court, each special ground of a motion for a new trial must be complete and understandable within itself. Measured by this yard-stick, special ground 2 of the motion for a new trial in each of these cases is too defective to be considered.

3. Special ground 3 of the motion for a new trial in each case complains of the court's refusal "to rule out all of the testimony of one Sam

Smith, a witness for the State, previously adduced, as follows." The ground then sets out the testimony of the witness Sam Smith, consisting of about one full page. The motion to rule out the testimony was as follows: "I make a motion to rule out all of this witness's testimony." No reason was given why the testimony should be ruled out. Obviously the ground is without merit.

4. Special ground 6 of the motion in each case complains of the refusal to direct a verdict in favor of the defendant. Such a refusal is never reversible error.

5. The remaining two special grounds of the motion in each case except to the admission in evidence of a certain indictment charging the defendant with the larceny of a described automobile. The indictment was admitted, as stated by the court to the jury, not for the purpose of showing the commission of another crime by the defendant, but for the purpose of rebutting a portion of the defendant's statement to the jury and throwing what light it might on the question of his guilt or innocence in these cases. Under the facts of the cases the admission of this evidence was not error.

6. Bill Vinson and this defendant were jointly indicted for the offense of robbery in two cases. Upon the trial of this defendant, the victims of the robberies positively identified Vinson as one of the robbers, but failed to so identify this defendant. However, the circumstantial evidence adduced by the State amply authorized the jury to find, to the exclusion of every other reasonable hypothesis, that this defendant was present at the scene of both the robberies, aiding and abetting Vinson in holding up and robbing the persons named in the indictments. The verdicts were authorized by the evidence, and the refusal to grant a new trial in each case was not error.

*Judgment in each case affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED JUNE 15, 1932.

W. F. Moore, Lawrence S. Camp, for plaintiff in error.

John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens, contra.