## BRACEY v. UNITED STATES.

### No. 8618.

United States Court of Appeals District of Columbia.

Decided March 31, 1944.

Writ of Certiorari Denied June 5, 1944.

See 64 S.Ct. 1274.

Mr. James J. Laughlin, of Washington, D.C., for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Bernard Margolius, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and ARNOLD, Associate Justices.

MILLER, Associate Justice.

Appellant was convicted of carnally knowing and abusing a twelve year old girl. At the trial his counsel made an opening statement to the jury, which consisted, in large part, of the following: "The facts briefly are these: That Mr. Bracey, at the time of the offense named in this indictment, was living with his wife and children in Southwest Washington and *he had suspected his wife of infidelity, and it was necessary for him to rebuke her severely for infidelity, and like many wives, she resented this rebuke and she told him that she would get even with him for that.* We say that this offense did not happen, that *Mrs. Bracey and others, whom I will presently name, have concocted this horrible story in order to reap vengeance on Mr. Bracey.* In Southwest Washington, not far from the Bracey home, lives the Spanglers, the girl named as the victim in this indictment was a member of the Spangler family, a child under sixteen years of age, *a child who was without parental discipline and guidance.* Mr. Bracey on several occasions told Mr. Spangler that he should *exercise a little more care. Here was this girl running around the neighborhood, unescorted, and out at late hours of the night.* There she was riding a bicycle in different parts of the city, and *Mr. Bracey told Mr. Spangler that the first thing he knew that little girl was going to get in some trouble and Mr. Spangler told Bracey to mind his own damned business. It will be shown here from the lips of witnesses that Mr. Spangler had made threats, before the date named:*

*in this indictment against Mr. Bracey."* [Italics supplied.] Contrary to his promise, counsel produced no evidence to support the italicized portions of his opening statement. The only evidence which can be said to give any color to them were two items of testimony elicited by counsel during his cross-examination of appellant's eleven year old daughter, who, on direct examination had testified, as an eyewitness, to the rape of the Spangler girl. The first item was as follows: "By Mr. Laughlin: Q.... I believe when Mr. Margolius asked you you referred to Mr. Bracey as your stepfather. Did you ever refer to him; that is, before this trial, in talking with your friends, as your stepfather? A. Yes. Q. Do you always call him papa? A. No. Q. You do not like Mr. Bracey, do you? A. No. Q. You don't like him at all? A. No. Q. And you want him to lose this case, don't you, . . . ? A. I don't care." The second was as follows: "On further cross-examination the witness admitted that she had sent her father letters while he was in jail awaiting trial. These letters were exhibited to the witness who identified them as being written by her. They carry the dates of June, July, and August, 1942, and contain language showing that the writer had affection for the defendant. The witness testified that she wrote these letters, but that she was sometimes told what to write by her little sister and her mother. These letters thereupon were introduced into evidence by the defendant, and were read to the jury."

■ The one important question presented on this appeal arises from the fact that the district attorney was permitted, on redirect examination, to produce the following testimony: "Q. . . . in reply to Mr. Laughlin's question, the defense lawyer's questions, you stated that you didn't like your stepfather, is that right? A. Yes. Q. Is that your testimony at the present time, that you do not like him? A. Yes. Q. Do you have any reason for not liking him . . . ? A. Yes. Q. Will you tell the court and jury just what those reasons are? A. Well, for what he done. Q. What did you mean when you said what he did to you . . . ? A. Well, the same thing he done to...Q. Now...when did this happen to you? A. Well, it was one night, I don't know the date. It was about two or three nights before the sixteenth. Q. Where? A. In the house." Appellant contends that the production of this evidence by the district attorney, over his objection, constituted error because it showed another offense not charged in the indictment. The court admitted the evidence "because of the defense of conspiracy to frame the defendant which was outlined to the jury in the defendant's opening statement made at the beginning of the case." An attorney's statement to the jury is not sufficient in itself to lay the foundation for the admission of testimony otherwise inadmissible.[1] The question remains whether the disputed evidence in the present case was admissible.

■ The general rule is that, upon the trial of an accused person, evidence of another offense, wholly independent of the one charged, is inadmissible.[2] However, there are many well established exceptions to this rule, raised by the special circumstances of particular cases;[3] to the end that all relevant facts and circumstances tending

[1] Davis v. Calvert, 5 Gill & J., Md., 269, 25 Am.Dec. 282; Reserve Loan Life Ins. Co. v. Leising, 78 Ind.App. 197, 134 N.E. 667; Vermillion v. Prudential Ins. Co., 230 Mo.App. 993, 1004, 93 S.W.2d 45, 51. See Commonwealth v. Quaranta, 295 Pa. 264, 269, 145 A. 89, 91: "Courts may properly restrict counsel, in opening, by refusing to permit questionable features of evidence to be referred to, holding counsel to a narrative of the defense, reserving further consideration of the matter until it is offered in evidence. The court may then determine its admissibility, and, if it may be received, no harm is done to the accused in refusing to permit reference to be made to it in the opening, as the jury later will be fully aware of the facts. If the evidence is inadmissible, then, by the action taken, the commonwealth is not prejudiced. The court was not in error in restricting counsel's remarks." Gossett v. State, 6 Ga.App. 439, 65 S.E. 162; Jones v. State, 88 Ark. 579, 581, 115 S.W. 166, 167.

[2] Hodge v. United States, 75 U.S.App.D. C. 332, 126 F.2d 849; Witters v. United States, 70 App.D.C. 316, 106 F.2d 837, 125 A.L.R. 1031; Boyer v. United States, 76 U.S.App.D.C. 397, 132 F.2d 12; Martin v. United States, 75 U.S.App.D.C. 399, 127 F.2d 865; Borum v. United States, 61 App.D.C. 4, 6, 56 F.2d 301, 303.

[3] Ryan v. United States, 26 App.D.C. 74, 83, 6 Ann.Cas. 633; United States v. Sebo, 7 Cir., 101 F.2d 889, 891: "The rule is of course elementary that when a defendant is on trial for one offense, irrelevant testimony tending to show the

to establish any of the constituent elements of the crime of which the defendant is accused may be made to appear.[4] Thus, evidence of other criminal acts has been held admissible by this court when they are so blended or connected with the one on trial as that proof of one incidentally involves the other;[5] or explains the circumstances thereof;[6] or tends logically to prove any element of the crime charged.[7] Such evidence is admissible if it is so related to or connected with the crime charged as to establish a common scheme or purpose so associated that proof of one tends to prove the other, or if both are connected with a single purpose and in pursuance of a single object;[8] as well as to establish identity, guilty knowledge, intent and motive.[9]

■■■ Another well recognized exception to the general rule was recently applied by this court in Hodge v. United States,[10] where we held that in trials for sexual offenses, evidence is admissible concerning acts of intercourse between an accused and the prosecutrix prior to the specific act upon which the indictment is based. The theory of this exception is that as the men-

tal disposition of the accused, at the time of the act charged, is relevant, evidence that at some prior time he was similarly disposed is also relevant. Evidence of prior acts between the same parties is admissible, therefore, as showing a disposition to commit the act charged; the probabilities being that the emotional predisposition or passion will continue. The question has not been decided in the District of Columbia whether this exception to the general rule should include sex offenses committed by the accused upon other victims than the one named in the indictment. Logically the exception would seem to include such other offenses. The emotional predisposition or passion involved in raping one little girl would seem to be the same as that involved in raping another. Evidence of such a crime committed upon one little girl shows a disposition to commit the same crime upon another, and the probability that the emotional predisposition or passion will continue is as great in one case as the other. The better reasoned cases in other jurisdictions also support the admission of such evidence, within the exception to the general rule.[11] However, as this question

commission of a separate and distinct crime is not admissible. But there are exceptions to the rule which are so numerous that it has been said it is difficult to determine which is the more extensive, the doctrine or the acknowledged exceptions."

[4] Witters v. United States, 70 App.D.C. 316, 106 F.2d 837, 125 A.L.R. 1031, and authorities there cited; Price v. United States, 53 App.D.C. 164, 166, 289 F. 562, 564; Fall v. United States, 60 App.D.C. 124, 130, 49 F.2d 506, 512, certiorari denied 283 U.S. 867, 51 S.Ct. 657, 75 L.Ed. 1471.

[5] Ryan v. United States, 26 App.D.C. 74, 83, 6 Ann.Cas. 633; Copeland v. United States, 55 App.D.C. 106, 108, 2 F. 2d 637, 639.

[6] Behrle v. United States, 69 App.D.C. 304, 305, 100 F.2d 714, 715.

[7] Shettel v. United States, 72 App.D.C. 250, 252, 113 F.2d 34, 36, and authorities there cited; Kidwell v. United States, 38 App.D.C. 566, 574; Means v. United States, 62 App.D.C. 118, 119, 65 F.2d 206, 207.

[8] Borum v. United States, 61 App.D.C. 4, 6, 56 F.2d 301, 303.

[9] Ryan v. United States, 26 App.D.C. 74, 83, 6 Ann.Cas. 633; Borum v. United States, 61 App.D.C. 4, 6, 56 F.2d 301, 303; Witters v. United States, 70 App. D.C. 316, 318, 106 F.2d 837, 839, 125 A.

L.R. 1031; Boyer v. United States, 76 U.S.App.D.C. 397, 132 F.2d 12; Partridge v. United States, 39 App.D.C. 571, 576, Ann.Cas.1917D, 622; Miller v. United States, 41 App.D.C. 52, 66; McHenry v. United States, 51 App.D.C. 119, 125, 276 F. 761, 767; Eagles v. United States, 58 App.D.C. 122, 124, 25 F.2d 546, 548, certiorari denied 277 U.S. 609, 48 S.Ct. 603, 72 L.Ed. 1013. See Billings v. United States, 42 App.D.C. 413, 415.

[10] 75 U.S.App.D.C. 332, 126 F.2d 849, and authorities there cited; Weaver v. United States, 55 App.D.C. 26, 29, 299 F. 893, 897.

[11] State v. Jenks, 126 Kan. 493, 268 P. 850; State v. Shtemme, 133 Minn. 184, 158 N.W. 48; Suber v. State, 176 Ga. 525, 533, 168 S.E. 585, 589; State v. Cupit, 189 La. 509, 515, 179 So. 837, 839; Proper v. State, 85 Wis. 615, 55 N.W. 1035. See 1 Wharton, Criminal Evidence, 11th Ed. 1935, § 252: "Thus, in rape, circumstantial evidence showing prior acts is relevant where the prior acts are so connected with the particular crime at issue that the proof of one fact with its circumstances has some bearing upon the issue on trial, as showing the intent. Such evidence has a peculiar relevancy where the charge is assault with intent to commit rape, as in this case the act need not be limited to the person assaulted, for it is the general purpose that

was not considered by either party in the present case, we prefer to withhold our decision upon it until, on appeal in some other case, it may be properly briefed and argued.

■ The district attorney supports the admission of the disputed testimony in the present case upon another ground, namely, that, when the witness was asked whether she disliked her father, her answer constituted not a simple assertion of dislike but, in addition, suggested to the jury a reason therefor, that is, the reason which had been suggested by counsel for appellant in his opening statement; hence, that it was appellant who opened the inquiry concerning the reason for bias or interest upon the part of the witness; that it was appellant who conveyed to the jury a false impression that the child's dislike was induced by a conspiracy upon the part of her mother and others to concoct a story and reap vengeance on Bracey; hence, that it was proper to introduce rebuttal testimony for the purpose of showing an entirely different reason. The text writers and encyclopedists cite many cases to prove that evidence to explain bias, or to explain away alleged bias, is, or is not, admissible. But what these cases really stand for—when they are sufficiently well-reasoned to reveal their rationale—is that the admission or rejection of such evidence lies in the discretion of the trial judge.[12]

■ Generally speaking, it has been held that when bias is freely admitted without qualification, under circumstances which leave no doubt as to its existence or the reason for it, rebuttal evidence upon the point is unnecessary.[13] Even under such circumstances the evidence is not inadmissible in the usual sense, but rather is excluded because its admission would unnecessarily expand the trial to include collateral issues, and thus confuse the jury.[14] When, however, the impeachment of a witness is conducted in such manner as itself to confuse the jury concerning the existence of bias, or of its character if bias does exist, and thus to mislead the jury concerning the veracity and dependability of the witness, then the trial judge may properly permit an explanation to be made.[15] If confusion and misleading of the jury is accomplished in part by a fictitious opening statement,[16] it is no less reprehensible on that account and the necessity for explanation in rebuttal may be even greater.

■ In fact, the situation of the present case provides a good example of the necessity for permitting the trial judge to exercise considerable discretion in admitting or rejecting evidence.[17] He observes the conduct of counsel, the reactions of the witness under examination and the resulting effect upon the jury. In other words, he is aware, as no appellate court could be, of the courtroom psychology and, hence, is in a position to determine whether particular testimony should or should not be received. If, under such circumstances, offered evidence is otherwise admissible and relevant, the fact that it may tend to prove the commission of another offense does not

---

is involved in the assault, and no particular person is essential to show such purpose and motive, and such evidence is relevant to show the lustful intent." State v. Bennett, 117 Me. 113, 102 A. 974.

[12] Lau Fook Kau v. United States, 9 Cir., 34 F.2d 86, 91; State v. Warren, 41 Ore. 348, 357, 69 P. 679, 682; People v. Zigouras, 163 N.Y. 250, 256, 57 N.E. 465, 466; Commonwealth v. Ezell, 212 Pa. 293, 296, 61 A. 930, 931; State v. Long, 95 Vt. 485, 487, 488, 115 A. 734, 735; State v. Frazer, 23 S.D. 304, 121 N.W. 790; Priori v. United States, 6 Cir., 6 F. 2d 575. See Rea v. Missouri, 17 Wall. 532, 542, 21 L.Ed. 707; Storm v. United States, 94 U.S. 76, 85, 24 L.Ed. 42; Blitz v. United States, 153 U.S. 308, 312, 14 S.Ct. 924, 38 L.Ed. 725; Davis v. Coblens, 12 App.D.C. 51, 53.

[13] See Lau Fook Kau v. United States, 9 Cir., 34 F.2d 86, 91; State v. Sim-

mons, 332 Mo. 247, 254, 58 S.W.2d 302, 304; People v. Lucich, 111 Cal.App. 293, 295 P. 593; Hendry v. State, 215 Ala. 635, 637, 112 So. 212, 214.

[14] Commonwealth v. Ezell, 212 Pa. 293, 296, 61 A. 930, 931; State v. Hurst, 153 Minn. 525, 536, 193 N.W. 680, 684; People v. Lustig, 206 N.Y. 162, 172, 99 N.E. 183, 186; People v. Zigouras, 163 N.Y. 250, 256, 57 N.E. 465, 466.

[15] People v. Zigouras, 163 N.Y. 250, 256, 57 N.E. 465, 466; People v. Wood, 201 N.Y. 158, 162, 94 N.E. 638, 640; People v. Wenzel, 189 N.Y. 275, 285, 82 N. E. 130, 133; People v. Sandow, 133 Cal. App. 559, 562, 24 P.2d 521, 523; McAlpine v. State, 117 Ala. 93, 100, 23 So. 130, 132. See State v. Anslinger, 171 Mo. 600, 605, 606, 71 S.W. 1041, 1042.

[16] Lewis v. United States, 6 Cir., 11 F. 2d 745, 747.

[17] See note 12 supra.

make it inadmissible.[18] And, neither does the fact that, incidentally, it may injuriously affect the character of the accused with the jury.[19] Appellate courts are especially unwilling to override the exercise of discretion by trial judges in such circumstances.[20]

The reason given by the trial judge for admitting the disputed testimony is supported, also, under another exception to the general rule of exclusion heretofore discussed; namely, that evidence which incidentally reveals the commission of a crime other than the one named in the indictment may, nevertheless, be received if it tends to defeat the defensive theory or rebut an issue raised by the defense.[21] This is exactly the situation of the present case. Appellant elected to defend upon the issue of a conspiracy against himself. The only evidence which he offered in support of it was that which he produced by cross-examination of his daughter. It became highly pertinent, therefore, to determine whether this evidence, so produced, actually supported the issue. The trial judge properly permitted rebuttal testimony for this express purpose.[22]

We have carefully examined all appellant's contentions and find them to be without merit.

Affirmed.

[18] Moore v. United States, 150 U.S. 57, 60, 61, 14 S.Ct. 26, 37 L.Ed. 996; Fall v. United States, 60 App.D.C. 124, 130, 49 F.2d 506, 512; McHenry v. United States, 51 App.D.C. 119, 124, 276 F. 761, 766; Means v. United States, 62 App.D.C. 118, 119, 65 F.2d 206, 207.

[19] Funk v. United States, 16 App.D.C. 478, 493.

[20] Holmes v. Goldsmith, 147 U.S. 150, 164, 13 S.Ct. 288, 37 L.Ed. 118; Williamson v. United States, 207 U.S. 425, 451, 28 S.Ct. 163, 52 L.Ed. 278.

[21] Behrle v. United States, 69 App.D.C. 304, 305, 100 F.2d 714, 715: "In the nature of things, when the witness [accused] was examined and in answer to questions regarding matters about which he had given detailed information replied 'I don't remember,' it was incumbent upon the district attorney to show to the satisfaction of the jury beyond a reasonable doubt that he did remember and that in testifying to the contrary he committed perjury." McHenry v. United States, 51 App.D.C. 119, 125, 276 F. 761, 767; Kidwell v. United States, 38 App. D.C. 566, 574; 1 Wharton, Criminal Evidence, 11th Ed. 1935, § 358.

[22] See Smith v. State, 45 Ga.App. 356, 164 S.E. 451.