**BELL v. UNITED STATES.**

No. 11929.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 5, 1953.

Decided Dec. 3, 1953.

Writ of Certiorari Denied
April 26, 1954.

See 74 S.Ct. 682.

Mr. James J. Laughlin, Washington, D. C., for appellant.

Mr. Carl W. Belcher, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., Arthur J. McLaughlin, Asst. U. S. Atty., and William J. Peck, Asst. U. S. Atty. at the time the brief was filed, were on the brief, for appellee. Messrs. Samuel J. L'Hommedieu, Jr., and Lewis A. Carroll, Asst. U. S. Attys., also entered appearances for appellee.

Before CLARK, WILBUR K. MILLER and FAHY, Circuit Judges.

FAHY, Circuit Judge.

The appellant was indicted for second degree murder [1] and convicted of that offense.

That he killed deceased is not in dispute. It appears deceased had improper relations with appellant's wife, who was enceinte probably as a consequence. The situation had been discussed between the parties over a period of a few days. At the time of the homicide deceased had come to the apartment of appellant and his wife for further discussion. Appellant had a gun in his pocket. He took the gun out and shot several times, four bullets striking the body of deceased, killing him.

Appellant urges on this appeal, first, that he was entitled to an acquittal directed by the court because the uncontradicted evidence was that he was of unsound mind at the time of the commission of the homicide. While it may fairly be concluded that the only two psychiatrists who testified gave support to this defense in their responses to hypothetical questions, there was ample other evi-

1. "Whoever with malice aforethought, except as provided in sections 22–2401, 22–2402, kills another, is guilty of murder in the second degree." § 22–2403, D.C. Code (1951).

dence indicating soundness of mind. The conflict was submitted to the jury under instructions which in this regard are not questioned, and which included one that the burden was on the Government to prove beyond a reasonable doubt that the appellant was of sound mind at the time of the killing. Tatum v. United States, 88 U.S.App.D.C. 386, 190 F.2d 612, upon which appellant relies, was thus followed.

■ It is urged in the second place that it was prejudicial error to permit the Government to interrogate appellant about his relations with another woman and to introduce evidence to contradict his denials. It is said that this raised a collateral issue, and, in addition, constituted proof of other offenses than the one on trial. If the subject matter was material to the guilt or innocence of appellant the evidence objected to was not collateral. He could not only be cross-examined with respect to it but independent evidence of the facts could be introduced. We think the subject matter was material. The defense of unsound mind was sought to be supported by appellant's testimony he "blacked out" at the time of the shooting, and that his state of mind was due to the destruction by deceased of the sanctity of his home. In determining whether his mind had become unseated because of the home situation attributed to deceased it was relevant to probe appellant's own relations with the other woman, bearing upon his attitude toward his wife and home. State v. McGowan, 36 Mont. 422, 432–433, 93 P. 552, 556. And the fact that such evidence, relevant on this aspect of the case, might incidentally indicate the commission by appellant of other crimes did not preclude its admission. Bracey v. United States, 79 U.S.App.D.C. 23, 142 F.2d 85, certiorari denied, 322 U.S. 762, 64 S.Ct. 1274, 88 L.Ed. 1589.

We have carefully examined all other contentions, necessitating a review of the conduct of the trial judge, the prosecutor, and the charge to the jury, and find them to be without merit.

Affirmed.