NATIONAL LIBERTY INSURANCE COMPANY, Appellant, vs. BANTA and others, Respondents.

*February 8—March 6, 1923.*

*Insurance: Cancellation of policy by insurer: Duty of agent: Request for reconsideration of cancellation: Custom and practice: Liability of agent.*

The defendants, who were local agents of a foreign insurance company, wrote a policy covering forest products, which the company directed to be canceled. Under admitted practice and custom the agents had five days after notice of cancellation within which to replace the insurance, and during such period they applied for a reconsideration of the cancellation, which resulted in the entire matter being referred to the state agent of the insurer for determination. *Held,* that a delay of eleven days in answering the request for a reconsideration was unreasonable; that the agents had five days after the communication of the decision of the state agent within which to cancel; and that the company, which had paid a loss on the insured property occurring during such five-day period, had no cause of action against the agents.

APPEAL from a judgment of the circuit court for Oneida county: A. H. REID, Circuit Judge. *Affirmed.*

As we view this case, only one principle of law is involved, and we briefly state the facts to cover that principle. The defendants conducted an insurance agency known as the North Wisconsin Agency, a corporation. Under the insurance statute they were required to act in their individual capacity as agents. They represented, among other insurance companies, the plaintiff company, with its head

office in Chicago. They insured certain forest products in Northern Wisconsin in the plaintiff company. On the report of the issuance of such policies in the company it wrote the defendants directing them to cancel the policies. Under the admitted practice and customs the defendants had five days from receipt of the notification to cancel in which to replace the insurance. Instead of canceling the policies as directed, immediately upon receipt of the notice to cancel defendants wrote the company at Chicago asking it to reconsider its decision and allow the policies to stand. This was May 2d. The letter reached Chicago May 4th, and the company, without replying to the defendants, referred the matter to its Milwaukee office. The Milwaukee office held the letter until May 15th, when it replied thereto as follows:

"Milwaukee, Wis., May 15, 1921.
"North Wisconsin Agency, Rhinelander, Wis.
"Gentlemen: Your letter of the 2d relating to the order for cancellation of various policies covering on forest products has been referred to me by our Chicago office for attention.

"Our office thoroughly appreciates the excellent business it has received from your office and it is grateful for the expressions of good will contained in your letter of the 2d.

"Very much to our regret, we do not feel that our experience in writing logs will warrant the acceptance of business at the rates at which the policies in question were written.

"It is true, as you say, that they were written in accordance with the tariff, but our own experience shows that the *National Liberty* would not be justified in carrying the liability.

"It is the policy of our company to be, at all times, of the greatest possible assistance to our agents, but in this case I must confirm the order of cancellation of the various policies mentioned in the company's letter of April 30th. You will therefore arrange to take these policies up at once and return them to our office.

"Thanking you for your prompt attention to this and

regretting that I am unable to meet your desires in the matter, I am,

"Very truly yours,     J. C. Brown,
"State Agent."

This letter from the Milwaukee agency on Sunday was received by the defendants on May 18th. On May 20th there was a fire loss on the property covered by one of the policies, which the plaintiff had to pay. The plaintiff thereupon brought this action to recover the amount that it was required to pay because of the fire loss. It claims that the defendants failed to obey its directions to cancel the policies, and for that reason are liable for the loss. The case was tried before the court without a jury. The court found for the defendants, and the plaintiff appeals.

*Charles F. Smith, Jr.,* of Rhinelander, for the appellant.

For the respondents the cause was submitted on the brief of *E. D. Minahan* of Rhinelander.

CROWNHART, J. There can be no question but that the defendants were bound to carry out the orders of their principal, and, failing to do so, would be bound to respond in damages resulting from such failure. However, defendants had five days within which to replace the insurance, and in the meantime it was perfectly proper for the defendants to ask the plaintiff for a reconsideration of its action. This they did. The plaintiff undoubtedly had a reasonable time within which to reply, and in the meantime defendants would not be liable for any loss occasioned until after the expiration of the five days for replacement. The plaintiff did not reply to the letter of the defendants, which it received on May 4th, until May 15th. The trial court found that this was an unreasonable delay and that the defendants had a right to assume that the plaintiff had acceded to their request for a reconsideration of the order. The trial court had a right to take into consideration the ordinary course

of modern business.    He would know, as we know, that in matters of this kind requiring prompt action the plaintiff company should have answered the letter within a day or two at least.

But there is positive evidence that the company, upon receipt of defendants' request for reconsideration of its order to cancel, did in fact so reconsider the matter and referred it to its Milwaukee office.    Then we have the company's letter from the Milwaukee office recognizing the propriety of the acts of defendants in asking for reconsideration of its order, and explaining that upon reconsideration of the subject the company renewed its demand to cancel, and giving the defendants the usual five days in which to effect replacement.    Thus the acts of the defendants in not making immediate cancellation were in effect approved.    No other reasonable construction of the correspondence can be made.

Immediately upon receipt of the letter of May 15th, namely, May 18th, the defendants sought to replace the insurance, but within the five days allowed for replacement the loss occurred.    During these five days the risk was that of the plaintiff.

*By the Court.*—The judgment of the trial court is affirmed.

Rosenberry and Eschweiler, JJ., dissent.