**DAVIES et al. v. SUTHERLAND et al.**

No. 16286—Opinion Filed Nov. 23, 1926.

Rehearing Denied Jan. 25, 1927.

1. **Damages — Speculative Damages for Breach of Contract not Recoverable.**

Damages claimed for breach of contract cannot be recovered unless they are clearly ascertainable, both in their nature and origin, and it must be made to appear that they are the natural and proximate consequence of the breach of the contract and not speculative and contingent.

2. **Same — Judgment Denying Recovery Against Materialman for Breach of Agreement to take Mortgage Sustained.**

Record examined; held, to be sufficient to support judgment of the trial court.

(Syllabus by Williams, C.)

Comm'ssioners' Opinion, Division No. 2.

Error from District Court, Choctaw County; G. M. Barrett, Judge.

Action by Robert Sutherland and Mae G. Sutherland, against H. L. Davies and Ola E. Davies, and other lien claimants, to foreclose materialman's lien. Counterclaim by defendants H. L. Davies and Ola E. Davies for damages for alleged breach of contract. Judgment for plaintiffs foreclosing materialman's lien and against defendant Davies on counterclaim. Defendants appeal. Affirmed.

W. J. Holloway and Choice D. Holden, for plaintiffs in error.

Jordan & Burke. for defendants in error.

Opinion by WILLIAMS, C. Robert Sutherland and Mae G. Sutherland, partners, doing business under the firm name and style of Sutherland Lumber Company, commenced

this action in the district court of Choctaw county. against H. L. Davies and Ola E. Davies, for the recovery of $1,977.97, with interest and attorney's fees, on account of lumber and building material furnished by said plaintiffs to the defendant H. L. Davies, and used by H. L. Davies in the construction and building of improvements and additions to a dwelling house located in the city of Hugo, Okla., owned by the defendant, and to foreclose a materialman's lien for said amount upon the real estate upon which said improvements were placed. Other lien claimants were made parties defendant.

Plaintiffs in their petition prayed for judgment in the sum of $1,977.97, the retail value of lumber and building material furnished H. L. Davies, and asked that their materialman's lien on said premises be foreclosed.

Defendants answered. admitting the indebtedness, and by way of cross-petition, prayed judgment over and against plaintiffs for $2,500, as damages, resulting from an alleged breach of contract by the plaintiff.

Defendants, in arriving at the measure of damages, alleged that the property was worth $2,500 before the improvements were made. incumbered by a $500 mortgage; that p'aintiff lumber company agreed that if defendant would purchase the lumber and building material from the plaintiff, plaintiff would take care of the cost of the improvements contemplated, paying the cost of such improvements, hiring of labor, and furnishing of lumber, material, etc.; that plaintiffs were to have the proceeds from a building and loan mortgage to be placed on the property by defendants. and were to take a second mortgage for all remaining indebtedness due it, the Sutherland Lumber Company; that the improvements were accordingly made, but that the Sutherland Lumber Company fai'ed and refused to carry out their part of the agreement, and refused to accept the second mortgage for the indebtedness incurred. and, instead, filed their materialman's lien against the property, causing the other claimants, the laborers, and all those having claims against the property by reason of the improvements so made, to do likewise, making it impossible to negotiate the loan as planned. forcing the property to be sold, and thus destroying defendant's equity therein to their damages in the sum of $2.500, for which they prayed judgment against the plaintiffs.

The case was tried to a jury. At the conclusion of the evidence on behalf of the defendants Davies, the plaintiffs interposed a demurrer to said evidence, which was sus-

tained by the court, and the court thereupon rendered its judgment in the case in favor of the plaintiffs and against the defendants H. L. Davies and Ola E. Davies, for the amount sued for. foreclosing the lien of plaintiffs upon the real estate described in the petition.

The court in rendering judgment rendered judgment for each of the defendant lien claimants and fixed their priority as between them and the plaintiff lumber company. The defendants Davies are not complaining of the judgments so rendered against them, having admitted the indebtedness as alleged, but are appealing only from the action of the court in sustaining a demurrer to defendants' evidence going to prove their counterclaim, and in excluding certain evidence from the jury. This being the only contention argued by plaintiffs in error, we will confine our discussion to the same.

Defendants Davies, in their cross-appeal, plead an oral contract, its breach, and damage resulting therefrom. We believe from an examination of the record that there is sufficient evidence to establish the contractual relation alleged, and granting that such a contract was entered into. We will decide this appeal on the question that must naturally follow, i. e., Did the breach thereof result in the alleged damage to H. L. Davies?

Plaintiffs in error complain of the action of the court in rejecting evidence offered by the following offer of proof:

"Comes now defendant and offers to prove by the witness that the property at the time of the agreement between defendant and the plaintiff to take care of the indebtedness over and above the first mortgage, was of the value of about $2,500; that a mortgage was existing on the land to the extent of about $500; that the total indebtedness incurred on the property in the construction of the building with the consent of the plaintiff, and at the request and direction of the plaintiff in some particulars, amounts to about $4,700; that the present value of the property is about $4,000; that the defendant has repeatedly endeavored from time to time, when the plaintiff refused to take care of the indebtedness, to borrow money to meet the payment of the indebtedness; that the claim and total indebtedness as is above set forth has been made liens and claims against this property; that the defendant is unable for the want of means to borrow means to meet said indebtedness. and as a consequence of that situation is unable to redeem the property from the claims and will lose the property."

In rejecting this offer of evidence, the court said:

"Now, gentlemen, the difference in the value the property at the time you made that trade and now, and the property now, is not the measure of damages. It could not be the measure of damages, because the man still owns it; it is purely speculative. You might strike an oil well before you can foreclose these liens, and the property be worth fourteen times as much as it is now. But damage means that you make the other fellow responsible for what he has lost. He hasn't lost anything now, and won't until these liens have been foreclosed. Consequently, it is purely speculative."

Section 5976, C. O. S. 1921, provides:

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin."

We are met with the following proposition Suppose the lumber company had taken a mortgage to secure the whole amount of the claims arising out of the construction of the building. Would defendants Davies have then had any greater equity or interest in the property than they had before? To be sure it would have changed taskmasters, but could in no way have affected their equity.

Counsel for defendants, in their offer of proof, offered to show that the property in the first instance was of the value of $2,500 that $4,700 worth of improvements were made, and that the present value of the property was about $4,000. We are at a loss to reconcile this contention unless it was to show that the property had been damaged by reason of the liens claimed and filed This could not be true, for, as the court said Davies still owned the property and none of the liens had been foreclosed, and not until a sale of the property had been made could the damage, if any, be measured, made sure certain, fixed, established, determined and settled.

The question to be determined here whether the damages in this case. under the evidence and offer of evidence, are not to remote, contingent, and speculative, and whether under the evidence and offer of evidence, the court and jury could measure the damages with reasonable certainty, as come within the meaning of section 597 supra, which provides:

"* * * No damages can be recovered f

a breach of contract which are not clearly ascertainable in both their nature and origin."

In the case of Baker & Strawn v. Miller & Jones Bros., 109 Okla. 184, 235 Pac. 476, this court. after quoting the above statute, said:

"Then, under the above-quoted statute, the damages claimed must be clearly ascertainable in both their nature and origin, and we think the contention of attorney for defendants, in their brief, that the two words, 'clearly' and 'ascertainable', taken together. mean without obscurity, obstruction, confusion, or uncertainty, is correct. and that the damage claimed must be made sure, certain, fixed, established, determined, and settled."

In the case of Muskogee v. Yahola Sand Co., 60 Okla. 196. 159 Pac. 898, Commissioner Galbraith, in the opinion, said:

"* * * These decisions recognize the doctrine that contemplated profits are proper elements of damage, * * * but the decisions, as well as the statute, require that the nature and amount of such profits must be reasonably ascertainable, and it must be made to appear that they are the natural and proximate consequence of the original breach of the contract, and not speculative and contingent. * * *"

Plaintiffs in error cite us to R. C. L. vol. 8, p. 505, sec. 65. which draws a distinction between remote and certain profits. The distinction made, we think, is sound, but the facts in the instant case do not compel us to distinguish between the two.

The rejected offer of proof, in effect, was to show that defendants had been damaged in the loss of their original equity in the sum of $2,500. Our statute, the decisions quoted, and reason compel us to hold that the elements going to make up the damage alleged are too uncertain. contingent, and remote to be established by the evidence and offer of evidence, and that a demurrer thereto was properly sustained.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 17 C. J. p. 729, §69; p. 753. §86; p. 754. §§86, 87. 88; p. 755, §89; p. 758. §90; anno 53 L. R. A. 43; 8 R. C. L. p. 505; 2 R. C. L. Supp. p. 622; 4 R. C. L. Supp. p. 558; 5 R. C. L. Supp. p. 472. (2) 4 C. J. p. 1129. §3122.