## AMERICAN INSURANCE CO. OF NEWARK, N. J., v. BLAKE. °

No. 23806.   Sept. 25, 1935.

Bond & Bond, for plaintiff in error.

Brown & Cund, for defendant in error.

BAYLESS, J. Plaintiff in error, the American Insurance Company of Newark, N. J., plaintiff in the trial court, appeals to this court from a judgment of the district court of Stephens county, Okla., in favor of the defendant in error, Harry A. Blake, defendant in the trial court. The parties will be referred to herein as they appeared in the trial court.

The facts are these: Defendant, as agent for the plaintiff, wrote two policies of fire insurance on April 3, 1928, and so reported to plaintiff. April 9, 1928, plaintiff wired defendant to give notice of cancellation of said policies, and on the same day wrote him a letter confirming the instructions contained in the wire. Defendant admitted receiving the telegram April 10th, and the letter of confirmation on the 11th, but did not give notice of cancellation to the insureds. The policies contained identical provisions concerning notice of cancellation, which read, in part, as follows:

"This policy may be canceled * * * by the company by giving five days' notice of such cancellation."

The property covered by both policies was destroyed by fire on the 14th of April, 1928. Plaintiff was required to pay the loss, and brought this suit against defendant. When plaintiff had introduced its evidence as herein outlined, the defendant demurred, and the court sustained the demurrer.

The plaintiff charged the defendant with the duty of obeying its directions, and with having negligently failed to obey them, by reason of which it sustained the loss and damage. The plaintiff labored under the burden of pleading and proving the foregoing allegations, and to show that the defendant's negligence was the proximate cause of the loss—that is, that the loss was the natural and probable consequence of his negligence.

The sole question is: Did the evidence introduced by the plaintiff establish a cause of action against the defendant? The defendant contends that the plaintiff's evidence is not sufficient to show that his failure to give the notice of cancellation was the proximate or moving cause of the loss, since, if he had given notice of cancellation on the 10th, when he received the telegram, or on the 11th, when he received the letter, the fire occurred on the 14th, which was within the five-day period before cancellation became absolute. Plaintiff's answer to this is: "The five days waiting period is for the benefit of the insureds and they might have taken some action which would have rendered the cancellation absolute before the fire occurred."

In order to state and prove a cause of action against the defendant the plaintiff was required to show: (1) That the negligent failure to give the notice of cancellation was the proximate cause of its loss—that is, had the defendant given the notice when directed so to do, no loss would have occurred to plaintiff; or (2) to state this another way, plaintiff was required to show that its loss was

the natural and proximate consequence of defendant's negligent disobedience to orders.

The telegraphic instructions were sent April 9, 1928, and had defendant received the telegram and given notice of cancellation on that day, the policy would have remained effective on April 14th, the day of the fire, unless the insureds had done something to nullify the five-day waiting period. The telegram was not received until the 10th, and if notice had been given on that day, the policy would have remained effective until the 15th, the day after the fire, unless the insureds had done something to nullify the five-day waiting period. The letter confirming the telegram was received on the 11th, and if notice had been given on that day, the policy would have remained effective until the 16th, two days after the fire, unless the insureds had done something to nullify the five-day waiting period. Therefore, the plaintiff was liable under the provisions of its own contract and defendant was powerless to have prevented the loss had it instantly notified insureds of the cancellation as directed by plaintiff—in other words, the insureds were the only ones who could have prevented plaintiff's loss under the contract.

It is true, as argued by plaintiff and as stated in the case cited by it (Continental Ins. Co. of N. Y. v. Clark et al., 126 Iowa, 274, 100 N. W. 524), that the five-day waiting period preceding absolute cancellation is for the benefit and protection of the insureds; and it could be contracted away, waived, or abandoned. But until it is shown that the insureds did so, the benefit or protection remained to them, and we cannot attempt to say what they would have done had they received notice of cancellation.

To adopt the plaintiff's contention that had defendant given the notice of cancellation when directed so to do, the insureds could or might have contracted away, waived, abandoned, or destroyed this benefit, is to determine defendant's liability upon speculation or surmise or contingency. Damages sought because of the loss occasioned by the act of a person cannot be recovered unless it is made to appear that such damages are the natural and proximate consequence of the act of the person, and that they are not speculative or contingent. See Davies v. Sutherland, 123 Okla. 149, 256 P. 32.

The facts proved by the plaintiff are not sufficient to show that the loss it sustained is attributable to the defendant's failure to give the notice of cancellation alone. When it has proved what it did prove, it is confronted with the provision of its contract giving the insureds a period of time before cancellation becomes absolute which extended to or beyond the date of the fire in spite of any notice which could be given by the plaintiff, unless the insureds acted to relieve plaintiff. It says that the courts should say that such period is for insureds benefit, and that if the courts would consider that if defendant had given the notice of cancellation when so directed, the insureds could or might have done something to relieve plaintiff's liability and thus have averted the loss. We are of the opinion that such contention is based wholly on speculation, which it is not permitted under the case cited.

The facts in the case of National Liberty Ins. Co. v. Banta, 180 Wis. 193, 192 N. W. 985, differ somewhat from those in the case before us, although not in an essential matter; but, because the fire therein occurred within the five-day period, it was held:

"During these five days the risk was that of the plaintiff."

The plaintiff in this case presented nothing to the trial court from which it could be said with any degree of certainty that had defendant given the notice of cancellation when so directed the policies would not have been in effect on April 14, 1928, when the fire occurred. The trial court committed no error in sustaining the demurrer.

Judgment affirmed.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS and CORN, JJ., concur.