## BOYER v. UNITED STATES.

### Nos. 8285–8287.

United States Court of Appeals for the District of Columbia.

Argued Nov. 5, 1942.

Decided Nov. 30, 1942.

Mr. James M. Earnest, of Washington, D. C., with whom Mr. W. Gwynn Gardiner, of Washington, D. C., was on the brief, for appellant. Mr. Ralph P. Dunn, of Washington, D. C., also entered an appearance for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, of Washington, D. C., and Stephen C. Miller and John P. Burke, Assistant United States Attorneys, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

Appellant was charged in one indictment with embezzlement, and in two other indictments with false pretenses. All three indictments were consolidated for trial, and appellant was convicted under each.

The acts charged in the false pretense indictments involved sales to two witnesses, Jarvis and Deputy, by means of fraudulent representations, of warehouse receipts representing whiskey. The acts charged as embezzlement involved conversion by appellant of money which Jarvis turned over to him in connection with such sales. The government called an additional witness named Littlepage. It did not question her regarding the acts for which appellant was on trial. It drew from her, over objection, testimony that about two years before those acts appellant had sold her similar warehouse receipts and had made to her the same representations which he is charged with making to the complaining witnesses; viz., that appellant was a representative of Cummins Distilleries, and that the receipts would double in value in two years. The Littlepage testimony was offered on the theory that it showed appellant's intent to defraud Jarvis and Deputy. It was apparently admitted on this ground. We think this was error.

In Wood v. United States [1] and in Partridge v. United States [2] the defendant had shown, in a previous transaction, that he knew to be false what he later affirmed to be true. The previous transaction was admitted in order to show his knowledge, and so his fraudulent intent, at the time of the acts in issue. In Fall v. United States [3] Fall's acceptance of a bribe from Sinclair in connection with oil leases to Sinclair was received as tending to show the intent with which he accepted money from Doheny at the time of leases to Doheny. If a man does an act with a given intent it is more or less likely that, when he does a similar act, he does it with a similar intent. And there are many acts, such as passing counterfeit money, which are the less likely to be innocent the more often they are repeated.[4] In various circumstances, therefore, evidence of earlier acts good or bad may be admitted, as tending in one way or another to show a man's state of mind, when he is charged with a later fraud.[5] But the fact that intent is in issue is not enough to let in evidence of similar acts, unless they are "so connected with the offense charged in point of time and circumstances as to throw light upon the intent."[6] Here, nearly two years elapsed between the Littlepage transaction and the transactions with Jarvis and Deputy. Appellant's knowledge and intent were no more apparent in the first transaction than in the second or third. Nor is this a case of peculiar coincidence, in which mere recurrence throws light on mental states.[7] Though the repeated passing of counterfeit money tends to show knowledge of its character, the repeated passing of money does not tend to show that it is counterfeit. And in the present case, the fact that appellant made a certain statement to Littlepage throws no light whatever on the question whether it was false, or whether he knew it to be false, or whether he intended to defraud, when he made the same statement to Jarvis and Deputy.

No doubt the alleged fact that a man committed a crime on another occasion tends to show a disposition to commit similar crimes. But when the prior crime has no other relevance than that, it is inadmissible. Its tendency to create hostility, surprise, and confusion of issues is thought to outweigh its probative value. The law seeks "a convenient balance between the necessity of obtaining proof and the danger of unfair prejudice."[8] The alleged fact that a man committed one forgery clearly increases the likelihood that he committed another forgery, but testimony to the earlier crime is not, for that reason alone, admissible.[9] We think the Littlepage testimony is within that principle. Apparently the trial judge, on reflection, reached the same conclusion, for he instructed the jury to disregard this testimony. It remains to consider whether this cured the error of admitting it.

Mrs. Littlepage was an elderly woman of weak appearance. She came to court with the aid of a crutch. She was shown to be a widow. She pictured appellant as insinuating himself into her confidence as an emissary from Colonel Breckenridge, a friend of her late husband. She testified: "I was just saving my money to bury myself * * *. Every time I could get a little more, he would come by * * *." Her testimony could hardly fail to create sympathy for her, and hostility to appellant, in the minds of the jury. The court's later instruction could hardly destroy those feelings.

In the course of the trial, reference was made to other criminal acts or charges. These references alone may not have amounted to reversible error, but they aggravated the prejudice caused by the Littlepage testimony.

The judgments are reversed, and new trials awarded, in all three cases. We need not rule upon the question whether it was reversible error to consolidate the em-

[1] 41 U.S. 342, 345, 346, 360, 361, 16 Pet. 342, 345, 346, 360, 361, 10 L.Ed. 987.

[2] 39 App.D.C. 571, 577, Ann.Cas. 1917D, 622.

[3] 60 App.D.C. 124, 49 F.2d 506.

[4] Cf. Price v. United States, 53 App. D.C. 164, 289 F. 562.

[5] Cf. Note, 80 A.L.R. 1306.

[6] State v. Baugh, 200 Iowa 1225, 206 N.W. 250, 251. Cf. Stone, The Rule of Exclusion of Similar Fact Evidence; America, 51 Harv.L.Rev. 988, 1007.

[7] Cf. 2 Wigmore, Evidence (3d ed. 1940) § 302 ff.

[8] Note (1931) 29 Mich.L.Rev. 473, 480.

[9] Laughlin v. United States, 67 App. D.C. 355, 92 F.2d 506. Cf. Witters v. United States, 70 App.D.C. 316, 106 F. 2d 837, 125 A.L.R. 1031.

bezzlement indictment with the false pretense indictments, but we think the facts charged in the one were sufficiently independent of the facts charged in the others so that it would have been better practice to hold two trials.

Reversed.