**Marvin Delane WHITE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 17295.

United States Court of Appeals Ninth Circuit.

Sept. 21, 1961.

Matthews & Stanley, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Division, and Meyer Newman, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

PER CURIAM.

█ This appeal arises from the conviction of appellant on each of two counts, involving the sale and possession of heroin, respectively (21 U.S.C.A. § 173), on June 22, 1959. No proof was adduced that appellant ever had actual possession of the heroin (Exhibit 1 C), but there was proof that *either* appellant, *or another person* named Burley, had told the government informer witness where the heroin (Exhibit 1 C) might be picked up. Tr. pp. 28–31. Burley had sold heroin to the informer the previous day. Thus there was some evidence of constructive possession. Cellino v. United States, 9 Cir., 1960, 276 F.2d 941; Rodella v. United States, 9 Cir., 1960, 286 F.2d 306.

I.

█ The trial court likewise permitted the introduction into evidence of certain marijuana (Exhibit 2 C) and two hypodermic needles (Exhibit 3) found a year after the alleged sale of June 22, 1959, on June 21, 1960, in the outside patio (Tr. p. 78) of a house vacated by defendant on June 17, 1960, and occupied by him from May 19, 1960, to said June 17, 1960. "Prowlers" had been noted in the vicinity after (Tr. p. 79) defendant had left, which prowlers had been reported to the police prior to the finding of the evidence. The two exhibits were *offered* as admissions by defendant, but were *admitted* solely to show *intent* or *state of mind*. Timely and proper objections were made. Ex. 2 C, Tr. 75, 98; Ex. 3, Tr. 71, 90.

An excellent cautionary instruction was given by the trial court with respect to the limited purpose for which this evidence was admissible. Nevertheless:

"The fact that intent is in issue is not enough to let in evidence of similar acts, unless they are 'so connected with the offense charged *in point of time* and *circumstances* as to throw light upon the intent.'" Boyer v. United States, 1942, 76 U.S. App.D.C. 397, 132 F.2d 12, 13. (Emphasis added.)

Here possession, essential both as to count two and to the alleged sale charged in count one, was proved solely by circumstantial evidence. The facts here are not the facts in Medrano v. United States, 9 Cir., 1960, 285 F.2d 23. It is difficult to see how possession of marijuana on June 21, 1960, (even if there was conclusive proof of possession on that day, which there was not) would prove intent to possess or sell *heroin* a year before, on June 22, 1959. Both time and circumstance differ.

II.

Furthermore, although the court correctly instructed the jury that in considering 2 C and 3, they could not "consider that evidence as indicating that defendant is a certain type of individual," (Appellant's Br. p. 21) counsel for the government asked the jury to make just such use of it—stating that the June 1960 evidence was to prove "the intent and the kind of an individual the defendant is * * *." Tr. p. 132.

On the state of the record before us, we hold it was error to admit such evidence (Exhibits 2 C and 3) and error to ask the jury to consider it, for the purpose hereinabove described. Each error prevented defendant from having a fair trial, and was prejudicial.

III.

We find no merit in appellant's contention that the trial judge acted partially, or was guilty of any misconduct, or guided government's counsel. Nor do we find any cause for complaint in the instructions he gave.

The judgment of conviction is reversed as to each count, and the matter remanded.