IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEONARDO JUSTINIANO, | § | |
| | § | No. 342, 2017 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1606021176B (N) |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: April 18, 2018
Decided: May 2, 2018

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 2nd day of May, 2018, having considered the briefs and the record below, it appears to the Court that:

(1)    Leonardo Justiniano appeals from a Superior Court conviction of possession of a firearm by a person prohibited. Justiniano claims that the Superior Court abused its discretion when it severed his person prohibited charge from his other charges but allowed them to be heard consecutively by the same jury. After careful review, we find that the Superior Court did not abuse its discretion by allowing the same jury to hear the person prohibited charge after the trial for his other charges. We affirm the Superior Court's decision.

(2)     On the evening of June 25, 2016, three men challenged Walter Torres-Santiago to a fight in front of his apartment in the Maryland Park apartment complex. During the fight, Torres-Santiago was knocked to the ground, and, as he tried to get up, a fourth man allegedly pointed a gun at Torres-Santiago and asked him, "are you ready?"[1]  A bystander interrupted the fight and the four assailants fled.  Torres-Santiago told police that he recognized Justiniano as the one who pointed the gun at him and later identified Justiniano in a photo line-up.

(3)     On June 29, 2016, the police arrested Justiniano as he was leaving an apartment in the Towne Estates apartment complex.  Inside the apartment, the police found little furniture or personal belongings, but found a nine-millimeter handgun and ammunition.  A grand jury indicted Justiniano for aggravated menacing, possession of a firearm during the commission of a felony, possession of a firearm by a person prohibited, and second and third degree conspiracy.

(4)     Before trial, Justiniano moved to sever the person prohibited charge from the aggravated menacing, possession of a firearm during the commission of a felony, and third degree conspiracy charges.  He argued that trying the charges together would allow a jury to "infer a general criminal disposition of the defendant

---

[1] App. to Opening Br. at 27 (Trial Tr., *State v. Justiniano*, No. N1606021176B, at 69–71 (Del. Super. Feb. 9, 2017)).

2

which may affect its judgment regarding the other indicted counts."[2] On February 9, 2017, the court granted Justiniano's motion but, over defense counsel's objection, ordered that the same jury would hear both trials, first for the aggravated menacing, possession of a firearm during the commission of a felony, and third degree conspiracy charges, and second for the possession of a firearm by a person prohibited charge.

(5) In the first trial, the jury heard evidence about the incident outside the Maryland Park apartments and the gun found at the Towne Estates apartment, but did not hear evidence about Justiniano's person prohibited status. The bystander testified that one of the men had a gun. Torres-Santiago testified that the gun pointed at him resembled the gun found at the apartment. The jury could not reach a verdict, and the court declared a mistrial.

(6) In the second trial, the court instructed the jury, "there is an additional count that must be heard separately from the counts you just considered. I will provide you an additional instruction on this count, but also understand that all of the testimony and evidence that was previously admitted may be considered."[3] The court then read a stipulation to the jury stating that Justiniano was a person prohibited. In its closing argument, the State told the jury that the person prohibited

---

[2] *Id.* at 21 (Pet'rs Mot. for Relief from Prejudicial Joinder, *Justiniano*, No. N1606021176B, at 4 (Del. Super. Jan. 9, 2017)).
[3] *Id.* at 44 (Trial Tr., at 113).

charge concerned whether "the defendant possessed or controlled the physical weapon that was found [at the Towne Estates apartment] independently of whether or not you believe this was the weapon that was used in that initial incident [outside the Maryland Park apartments]."[4] The State explained that the evidence from the first trial "now becomes circumstantial evidence"[5] that "linked [Justiniano] a couple days prior to having a firearm in his hands."[6] The jury found Justiniano guilty of possession of a firearm by a person prohibited and the court sentenced him to eight years at Level V suspended after five years, followed by six months Level IV, and eighteen months at Level III. Justiniano appealed.

(7) "This Court reviews the trial court's decision on a motion to sever for abuse of discretion."[7] The Superior Court's decision will not be overturned unless there is a "reasonable probability" that the decision resulted in "substantial prejudice."[8] "The defendant has the burden of demonstrating such prejudice and mere hypothetical prejudice is not sufficient."[9]

(8) Charges are joined to "promote judicial economy and efficiency, provided that the realization of those objectives is consistent with the rights of the

---

[4] *Id.* at 46 (Trial Tr., at 121).
[5] *Id.* (Trial Tr., at 123).
[6] *Id.* at 47 (Trial Tr., at 127).
[7] *Phillips v. State*, 154 A.3d 1130, 1138 (Del. 2017).
[8] *Id.* (quoting *Skinner v. State*, 575 A.2d 1108, 1118 (Del. 1990)).
[9] *Skinner*, 575 A.2d at 1118.

4

accused."[10] Under Superior Court Criminal Rule 8(a), charges may be joined if they "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together." The trial court has discretion to order "separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."[11]

(9) Joinder can prejudice a defendant when: (1) the jury "cumulate[s] the evidence of the various crimes charged and find[s] guilt when, if considered separately, it would not so find"; (2) the jury "use[s] the evidence of one of the crimes to infer a general criminal disposition of the defendant in order to find guilt of the other crime or crimes"; or (3) the defendant is "subject to embarrassment or confusion in presenting different and separate defenses to different charges."[12] The purpose of severance in person prohibited cases is to prevent a jury from inferring a criminal disposition based on a defendant's criminal history.[13]

(10) On appeal, Justiniano argues the Superior Court abused its discretion because allowing both trials to be heard by the same jury caused him unfair

---

[10] *Wiest v. State*, 542 A.2d 1193, 1195 (Del. 1988) (quoting *Mayer v. State*, 320 A.2d 713, 717 (Del. 1974)).
[11] Super. Ct. Crim. R. 14.
[12] *Wiest*, 542 A.2d at 1195.
[13] *See State v. Williams*, 2007 WL 2473428, at *1 (Del. Super. Aug. 29, 2007) ("Given the fact that proof of the charge of Possession of a Deadly Weapon by a Person Prohibited will involve the presentation of Defendant's prior criminal record, the jury may be unable to compartmentalize their judgment of guilt or innocence with regard to each of the separate counts in the indictment, and may infer a general criminal disposition.").

prejudice.  He argues that the jury was able to infer a criminal disposition when considering whether he possessed a gun in the second trial, because they heard evidence suggesting he was guilty of aggravated menacing and conspiracy in the first trial.  According to Justiniano, the jury must have "used the evidence of the prior assault to infer a criminal disposition."[14]

(11)  We disagree.  The type of unfair prejudice contemplated by the severance rule was not present in this case.  While "evidence of one crime is not admissible to prove disposition to commit another crime," it is admissible when presented for "some substantial, legitimate purpose."[15]  "No prejudicial effect would result from the joinder of trials if the evidence pertaining to one crime would be admissible in the trial of another offense."[16]  Here, the evidence offered in the first trial was admissible in the second trial to prove an element of the offense charged in the second trial—possessing a weapon.   The evidence that Justiniano pointed a gun at Torres-Santiago that matched the description of the gun found in the Towne Estates apartment connected Justiniano to the gun found in the apartment.[17]  While

---

[14] Opening Br. at 9.  Justiniano argues that a separate jury would not have found him guilty of possessing a firearm, because there was "very limited evidence that he even resided in the apartment where the firearm was found hidden."  *Id.* at 9–10.

[15] *Cooke*, 909 A.2d at 607 (citing *Boyer v. United States*, 132 F.2d 12, 13 (D.C. Cir. 1942)).

[16] *State v. Cooke*, 909 A.2d 596, 600 (Del. Super. 2006); *see also Monroe v. State*, 28 A.3d 418, 426 (Del. 2011) ("A crucial factor to be considered by the trial judge in ruling on a motion to sever is whether the evidence of one crime would be admissible in the trial of the other crime.  If such evidence were admissible at a separate trial, there would be no unfair prejudice in having a joint trial.").

[17] App. to Opening Br. at 32 (Trial Tr., at 89).

the jury did not convict Justiniano of the possession of a firearm during the commission of a felony in the first trial, they could still find he possessed the gun found in the vacant apartment based on the testimony from the fight. Thus, the evidence from the first trial was admissible in the second trial to prove that he possessed a weapon, and thus Justiniano suffered no prejudice from the same jury hearing both trials.[18]

(12)   In a similar case, *Taylor v. State*, the defendant appealed convictions of first degree murder, gang participation, and possession of a firearm by a person prohibited, arguing the court should have severed the person prohibited charge.[19] This Court found that "[b]ecause the evidence would have been admitted even if the charges were severed, the trial court acted well within its discretion in denying severance."[20] The court explained that "the evidence supporting the charges in the indictment was 'inextricably intertwined' and, therefore, admissible."[21] Similarly, the evidence supporting the aggravated menacing, possession of a firearm during the commission of a felony, and third degree conspiracy charges was relevant to

---

[18] *Ashley v. State*, 85 A.3d 81, 85 (Del. 2014) ("Ultimately, the court must balance the rights of the accused against the legitimate concern for judicial economy.").

[19] 76 A.3d 791 (Del. 2013). The defendant argued "inclusion of the gang participation charge at his trial for murder, attempted murder, and additional felonies was unfairly prejudicial to him because it allowed the State to proffer evidence that portrayed [the defendant] as a frequent drug dealer," and if the charge had been severed, "the State would not have been able to admit prior bad acts evidence during its case-in-chief." *Id*. at 800–01.

[20] *Id.* at 801.

[21] *Id*.

establishing whether Justiniano possessed a gun. Thus, the charges were "inextricably intertwined" and "based on the same act or transaction or on two or more acts or transactions connected together."[22] The Superior Court did not abuse its discretion by allowing the same jury to sit for both trials.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[22] *Id.*