## STEARNES CO. v. ROBINS et al.

No. 16126—Opinion Filed Feb. 9, 1926.

Rehearing Denied, March 23, 1926.

(Syllabus.)

1. **Damages—Anticipated Profits—Instruction.**

An instruction given by the court upon the subject of anticipated profits and which directs that such damages, to be included, if any, are to be only such profits as are capable of being determined from the evidence with reasonable certainty, is not an error nor a departure from section 5976, Compiled Statutes, 1921.

2. **Same—Action Against Restaurant Outfitter for Delayed Delivery.**

Where a restaurant outfitter contracts with restaurateurs to deliver equipment for a restaurant by a day certain, and has full notice of the nature and purpose and is fully warned as to the necessity of delivery within the time agreed upon, and undertakes such contract with knowledge of the element of time and through want of diligence fails to deliver such equipment until nearly three months after the date agreed upon, and after the time has expired when the profitable business of the particular locality is past, such outfitter is liable in such amount as will reasonably compensate the restaurateurs for the damage, and, if the amount of earnings or profit can be estimated with a reasonable

degree of accuracy, they then become the most just and adequate measure of damages.

Error from District Court, Garfield County; Charles Swindall, Judge.

Action by the Stearnes Company against J. G. Robins and Pete Lambros. Judgment for defendants, and plaintiff brings error. Affirmed.

McKeever, Moore & Elam, for plaintiff in error.

Ernest F. Smith, for defendants in error.

RILEY, J. This action was commenced in the district court of Garfield county by plaintiff in error. The parties will be referred to as they appeared in the court below. The plaintiff alleged that on July 8, 1922, the defendants, J. G. Robins and Pete Lambros, executed and delivered to the plaintiff their 12 promissory notes, each in the sum of $100, and to secure the same executed and delivered their chattel mortgage to the plaintiff, mortgaging certain restaurant equipment, which equipment was purchased by the defendants and the notes issued in partial consideration thereof. Plaintiff pleaded a separate cause of action on an open account in the sum of $81.38, and prayed for judgment against defendants in the total sum of $1,281.38 with interest thereon, and for attorney fees in the amount of $240, as provided for in said notes.

The defendants filed an answer consisting of a general denial and counterclaim; the counterclaim being that the defendants purchased the equipment for their restaurant on April 15, 1922, alleging that the equipment purchased was to be installed in their restaurant at Enid, Okla., and that by the terms of their contract of purchase the said equipment was to be delivered to the defendants within three weeks from the date of purchase, which delivery date was by said defendants extended to June 1, 1922; they further allege that the city of Enid is located in a wheat country and that during June, July, and August there is an influx of laborers which creates good business, that plaintiff was made aware of this condition on entering the contract, and that because plaintiff failed to deliver the goods until August 20, 1922, they were damaged in the sum of $1,000 per month during the default in delivery.

Defendants filed an amendment to their answer; admitting the execution of the notes and mortgage sued upon, and alleged that at the time of the purchase they paid on account $475, and agreed to pay $300, when said goods were delivered; that they paid the $300, and delivered the notes and mortgage when they received their first and partial shipment, and that when they inspected said shipment they learned that it did not correspond to the goods ordered, but was of an inferior quality, and that because of necessity they were compelled to use same to their damage in the sum of $500.

Plaintiff filed its demurrer to the answer and counterclaim, which demurrer was overruled and exceptions saved.

The cause was submitted to the jury, and the jury rendered a verdict in favor of defendants, J. G. Robins and Pete Lambros, in the sum of $38.03, and thereafter the court rendered judgment in accordance with said verdict, to which plaintiff excepted, filed motion for new trial, and in due form perfected appeal to this court.

It is contended for reversal of the judgment that the court committed prejudicial error in giving instruction No. 3, which is as follows:

"You are further instructed that on May 8, 1922, the plaintiff by its telegram to the defendants agreed to ship the goods, wares and merchandise sold said defendants complete in approximately five or six weeks next after that date; and it became and was the duty of said plaintiff to ship said goods, wares and merchandise within approximately five or six weeks next after May 8, 1922, and in the event they failed to so do, then they would be liable to defendants for all the detriment proximately caused by their delay in shipping said goods at the time they agreed to ship the same or which in the ordinary course of things would be likely to result therefrom, provided you further find from the evidence that they failed, neglected, or refused to ship said property complete to defendants within approximately five to six weeks after said date, and in determining the damages, if any, for anticipated profits, you should include only such profits as are capable of being determined by you from the evidence with reasonable certainty."

Section 5976, Compiled Statutes 1921, provides as follows:

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, of which, in the ordinary course of things would be likely to result therefrom. No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin."

To be more specific, it is contended that instruction No. 3 is a departure from the statute, supra, in that its guide for damages, if any, is that the same be in reasonable

certainty, whereas the statute contemplates that no damages shall be recovered which are not clearly ascertainable in both their nature and origin.

Under the holdings of this court, the text of the instruction did not constitute error, for in Muskogee v. Yahola Sand Co., 60 Okla. 196, 159 Pac. 898, syllabus paragraph 1, it is said:

"Prospective profits, proximately resulting from the breach of a contract, are recoverable in an action for damages, where the amount thereof is not contingent and speculative, but can be measured with reasonable certainty."

So far as the wording of the instruction is concerned in being a departure from the text of section 5976, supra, we think the contemplation of the statute, as construed, is that damages to be established must be with reasonable exactness as to origin and reasonably certain as to amount. A higher degree of accuracy is required in the former than in the latter, neither must be absolute in degree of proof. See Baker & Strawn v. Miller & Jones Bros., 109 Okla. 184, 235 Pac. 476, where it is said:

"The words 'clearly' and 'ascertainable', used in section 5976, Compiled Oklahoma Statutes 1921, taken together, mean without obscurity, obstruction, confusion, or uncertainty, and the damage claimed must be made reasonably certain. * * *"

In Lawton Refining Co. v. Hollister, 86 Okla. 15, 205 Pac. 506, it was said:

"Profits or gains prevented may be recovered in an action for breach of warranty where they can be rendered reasonably certain by evidence, and have naturally resulted from the breach."

See, also, First State Bank of Mannsville v. Howell, 41 Okla. 216, 137 Pac. 657; Muskogee v. Yahola Sand Co., 60 Okla. 196, 159 Pac. 898; 17 C. J. 753; Wellington v. Spencer, 37 Okla. 461, 132 Pac. 675; Callahan & Co. v. Chickasha Cotton Oil Co., 17 Okla. 544, 87 Pac. 331; 8 R. C. L. 413, 441.

The second and last contention of plaintiff's counsel is that the trial court erred in overruling the motion for a new trial, for the reason assigned that no sufficient evidence was had to support the judgment of damage in favor of defendants.

The undisputed evidence is that the goods received did not correspond to those ordered, and the testimony in this element of damages duly supports the prayer for a recovery of $500.

Much testimony was introduced showing a loss of anticipated profits, and after an examination of the record we cannot say that the verdict is not sustained by the testimony.

As held in Ft. Smith & Western Ry. Co. v. Williams, 30 Okla. 726, 121 Pac. 275, we are constrained to hold in the case at bar that a damage may be allowed for a loss of prospective profit. The profit loss is not here too remote or speculative, but reasonably certain, and within the contemplation of the parties when the contract was made, for we find that the purchasers or defendants herein, when they ordered the goods on April 15, 1922, insisted to the agent of the seller of plaintiff that the goods be delivered within three weeks, or on May 8th; that the time by mutual consent was extended three weeks, or until June 1st, but that a part of the equipment arrived August 10th and the remainder August 20th; that the plaintiff well knew the purpose and use to which defendants would place the goods and even the necessity of delivery as to time in the desire of the purchaser to gain an advantage in securing the harvest patronage; so we hold the loss of profits herein was reasonably within the contemplation of the parties when the contract was made, as a probable result of its violation. Here the profit was shown with a reasonable degree of certainty, for it was established that the restaurateurs in the operation of their place at 117 South Grand avenue, Enid, Okla., just three doors from their new location, with just one-half the facilities, made approximately one-half the profit they later made in the new location. This was a going concern, a continuing business with good will established.

The judgment is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, PHELPS, LESTER, HUNT, and CLARK, JJ., concur.

Note.—See under (1) 17 C. J. p. 790 § 113; p. 1080 § 385; 8 R. C. L. p. 503; 2 R. C. L. Supp. p. 621; 4 R. C. L. Supp. p. 558; 5 R. C. L. Supp. p. 472.    (2) 17 C. J. p. 855 § 171.