

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 10, 1968

Hon. Roy R. Barrera
Secretary of State of Texas
Capitol Building
Austin, Texas 78711

Opinion No. M- 284

Re: .Whether certain
rules for count-
ing election bal-
lots promulgated
by the Secretary
of State under
Article 1.03 of
the Texas Election
Code are valid.

Dear Mr. Barrera:

You have requested the opinion of this office as to whether certain rules for counting election ballots promulgated by the Secretary of State under Article 1.03 of the Texas Election Code are valid.

Subdivision 1 of Article 1.03 of the Texas Election Code, Texas Revised Civil Statutes Annotated (Supp. 1967) (hereinafter referred to as Texas Election Code) reads as follows:

> "The Secretary of State shall be the chief election officer of this state, and it shall be his responsibility to obtain and maintain uniformity in the application, operation and interpretation of the election laws. In carrying out this responsibility, he shall cause to be prepared and distributed to each county judge, county tax assessor-collector, and county clerk, and to each county chairman of a political party which is required to hold primary elections, detailed and comprehensive written directives and instructions relating to and based upon the election laws as they apply to elections, registration of electors and voting procedures which by law

- 1374 -

are under the direction and control of
each such respective officer.  Such di-
rectives and instructions shall include
sample forms of ballots, papers, docu-
ments, records and other materials and
supplies required by such election laws.
He shall assist and advise all election
officers of the state with regard to the
application, operation and interpretation
of the election laws."  (Emphasis added.)

Article 6.05, Subdivision 7 of the Texas Election
Code reads as follows:

"On each official ballot where
officers are to be elected or nominated,
there shall be printed on the left-hand
side of the name of each candidate a square, [ ]
and there shall be printed immediately be-
low the words 'Official Ballot' the follow-
ing instruction note:  'Vote for the candi-
date of your choice in each race by placing
an "X" in the square beside the candidate's
name.'  On each official ballot on which
party columns appear, a larger square shall
be printed on the left-hand side of the
name of the party, at the head of each party
ticket, and the following shall be added to
the instruction note:  "You may vote a
straight ticket by placing an "X" in the
square beside the name of the party of your
choice at the head of the party column.'
Appropriate changes in the instruction note
shall be made where only one race is listed
on the ballot or where more than one person
is to be elected in any given race."

Article 6.06 of the Texas Election Code reads as
follows:

"In all elections, general, special, or
primary, the voter shall place an 'X' in the
square beside the name of each candidate for
whom he wishes to vote; provided, however,

that if the voter places a plus sign (+) or a check mark (✓) or any other mark that clearly shows his intention, in such space, it shall be counted as a vote for that candidate, provided that no more names are thus marked than there are places to be filled. When party columns appear on the ballot, a voter desiring to vote a straight ticket may do so by placing an 'X' or other clear mark in the square at the head of the column of the party for which he wishes to vote. If the name of the person for whom the voter wishes to vote is not printed on the ballot, the voter shall write in the name of the candidate for whom he wishes to vote, in the write-in column under the appropriate office title in elections where party columns appear on the ballot, and in an appropriate space under the title of the office in other elections; provided, however, that a voter shall not be entitled to vote for any candidate whose name is not printed on the ballot in any runoff election for nominating candidates or electing officers, and a space for write-in votes shall not be provided on the ballot for such elections. A voter shall also not be entitled to vote for any candidate whose name is not printed on the ballot in any other type of election where the law expressly prohibits votes for write-in candidates. In all elections where questions or propositions are to be voted on except local option elections held under the provisions of the Texas Liquor Control Act, the voter shall place an 'X' or other clear mark in the square beside the statement indicating the way he wishes to vote on each proposition. The failure of a voter to mark his ballot in strict conformity with these directions or failure to vote a full ballot shall not invalidate the ballot, and a ballot shall be counted on all races and propositions wherein the in-

> tention of the voter is clearly ascer-
> tainable, except where the law expressly
> prohibits the counting of the ballot.
> It is specifically provided that the
> election officers shall not refuse to
> count a ballot because of the voter's
> having marked his ballot by scratch-
> ing out the names of candidates for
> whom or the statement of propositions
> for which he does not wish to vote."
> (Emphasis added.)

In your letter you stated that:

> "By amendments to Articles 6.05 and
> 6.06 of the Texas Election Code, the
> method of marking paper ballots was changed
> in 1967 from the 'scratch method' to the
> 'check' method of 'positive voting' where-
> by the voter places an "X" or a check mark
> in a square beside the name of the candi-
> date of his choice in each race. Where
> party columns appear on the ballot, the
> voter may vote a 'straight ticket' (i.e.,
> may cast a vote for all the nominees of
> a certain party, and for no one else) by
> placing an "X" or a check mark in a square
> beside the name of the party at the head
> of the column. The instruction note
> printed on the ballot gives these direct-
> ions in the following language:

> "'Vote for the candidate of your
> choice in each race by placing an "X" in
> the square beside the candidate's name.
> You may vote a straight ticket by plac-
> ing an "X" in the square beside the name
> of the party of your choice at the head
> of the party column.'

> "The provision permitting straight-
> ticket voting by placing a mark in the
> party square creates no special problem
> in the counting of ballots where the

voter has properly understood and fol-
lowed the directions. However, it can
be anticipated that some voters will
not mark their ballots in strict con-
formity with the instructions, and
guidelines for counting their ballots
need to be provided before the general
election to be held in November of this
year."

You state that the rules have been promulgated to
guide election judges in counting those ballots where a
voter has marked by the check method but has marked his
ballot in the manner set out in each of the rules. You
further state that these rules will provide for count-
ing the ballot or a portion thereof in those instances
where it appears that the intention of the voter is
reasonably free from doubt, and will not allow the bal-
lot to be counted where the intention of the voter can-
not be ascertained with a reasonable degree of certainty.

Rules No. 1 and 2 and discussion of each as sub-
mitted by you are as follows:

"RULE NO. 1. Where no party square
is marked, the ballot is counted as a vote
for each candidate individually marked, ex-
cept where more than one candidate for the
same office has been marked individually,
in which event the ballot is not counted as
a vote for either of such candidates.

"Discussion. This general rule is a
natural consequence of the first sentence
of the instruction note. (The exception
is based on the ground that where more than
one candidate has been marked, when only
one is to be elected, the voter's intent-
ion is not ascertainable, and on the
further ground that the counting of the
ballot as a vote for either of the candi-
dates in that race is expressly prohibited
by Article 8.21 of the Election Code.)

> "RULE NO. 2.  Where only one party square is marked and no candidate's name is marked individually, the ballot is counted as a vote for each nominee of the party whose square is marked.

> "<u>Discussion</u>.  This rule is a natural consequence of the second sentence of the instruction note.  A ballot marked in this manner illustrates the proper use of the party square for voting a straight ticket."

You then state four other rules relating to the counting of ballots where more than one party square is marked, or where party squares (one or more) are marked and names of individual candidates are also marked.

Even though the Secretary of State has a broad responsibility to promulgate written directives in order to obtain and maintain uniformity in the application, operation, and interpretation of the election laws pursuant to Article 1.03 of the Election Code, this responsibility should be construed in light of Article 6.06 of the Election Code wherein it is stated:

> "A ballot shall be counted on all races and propositions wherein the intention of the voter is clearly ascertainable.  . . ."

In other words, it appears that since the Secretary of State is the chief election official of this State, he may promulgate directives to the officials named in Article 1.03 in the situation where the voters' intent is <u>clearly ascertainable</u>.

"Clearly" means without obscurity or uncertainty or doubt.  7 Words & Phrases 635.  "Ascertainable" means to make sure or certain; to determine or establish.  4 Words & Phrases 341.  Therefore the phrase "clearly ascertainable" as used in this statute means "without obscurity, obstruction, confusion or uncertainty."  <u>Davies v. Sutherland</u>, 123 Okl. 149, 256 P. 32, 33 (1926); <u>Stearnes Co. v. Robbins</u>, 114 Okl. 156, 245 P. 63, 64 (1926).

In analyzing each of the six "rules" including the exception to rule 5, it is the opinion of this office that we cannot sanction directives promulgated by the Secretary of State concerning electronic or conventional voting methods unless as a matter of law, based upon the fact situation presented, reasonable minds could not differ in the application of a chosen rule to that specific fact situation. Therefore, it may be concluded as a matter of law that only rules 1 and 2 in their entirety meet the above test; but, on the other hand, this office as a matter of law cannot say that the other rules when applied to the proffered examples contain no questions of fact (except specimen ballot 3-B). Whether the intent is clearly ascertainable in these situations must be a decision left to the discretion of the election judge in the first instance and ultimately to the courts with an eye towards discerning the clearly manifested intent of the voter.

However, notwithstanding the above conclusions, Rule 4 in its entirety also statutorily meets the above test only where the electronic voting method is employed. Subdivision 4(c) of Article 7.15, Texas Election Code, provides as follows:

> "(c) In his certification of approval of any electronic voting system, the Secretary of State shall certify whether in cases where a voter splits a straight party vote, the system is capable of counting the straight party vote only for the candidates of that party for offices as to which the voter has not voted for individual candidates and of counting the votes cast for individual candidates. If the system is so certified, the voting of a split ticket in that manner shall be allowed in elections using that system."

In your letter you state that the Secretary of State has certified that each of the five systems which have been approved for use in Texas is capable of counting ballots as described in Subdivision 4(c). Accordingly, this

statutory rule applies where the electronic voting method is employed. It is expressed in your set of proposed rules as follows:

"RULE NO. 4. Where only one party square is marked and no individual candidates are marked within that column but individual candidates are marked in some other column, the ballot is counted as a vote for each candidate marked individually (except for an office where more than one candidate is marked individually), and is counted as a vote for each nominee of the party whose party square is marked where no opposing candidate has been marked individually."

It is further believed that "rule" 5 would be proper with an addendum which would contemplate the contingency that when more than one party square is marked, but no conflict exists as between any of the parties' candidates, and no vote is given to a candidate outside of the parties marked, then a vote will be counted for each candidate of the marked parties. This rule as submitted in your request reads as follows:

"RULE NO. 5. Where more than one party square is marked, no effect is given to either party mark and the ballot is counted only for candidates individually marked, if any. (If there are no candidates individually marked, no portion of the ballot is counted.)"

The paramount consideration in construing ballots is to ascertain the clear intention of the voter. See Scurlock v. Wingate, 283 S.W. 307 (Tex. Civ. App-- 1926, no writ). This rule of construction is based, in part, upon the hypothesis that some ballots would be ambiguous due to the failure of the voter to properly follow the voting instructions printed on the ballot. It is a logical axiom that each voter intends to vote in every contest in which he indicates some positive action. See

Mitchell v. Jones, 361 S.W.2d 224 (Tex. Civ. App-- 1962, no writ). It should be carefully noted that not only may a voter affirmatively express himself, but contrarily, he may negatively express his opposition by employing the scratching method:

> "It is specifically provided that the election officer shall not refuse to count a ballot because of the voter's having marked his ballot by scratching out the names of candidates for whom or the statement of propositions for which he does not wish to vote." Article 6.06, Texas Election Code. See 21 Tex. Jur. 2d Elections, sec. 112 (1961).

In some situations in which a question may arise as to whether the voter's intent is clearly ascertainable, the determination of this answer must be reserved to the unbiased discretion of each election judge after a perusal of all relevant elements in such a situation, and in keeping with the applicable law. See Duncan v. Willis, 137 Tex. 316, 302 S.W.2d 627 (1957) (citing Davis v. State ex rel Wren, 75 Tex. 420, 12 S.W. 957, 960 (1890); Mitchell v. Jones, 361 S.W.2d 224, 233 (Tex. Civ. App-- 1962, no writ) (dealing with question of whether contestee's name was scratched out). Because of the great onus and responsibility this determination places on each election judge, it is expected he will determine in each case whether reasonable minds could differ in ascertaining the clear intent of the voter and give credence only to the ballots on which the voter's intention is clearly manifested.

## S U M M A R Y

The Attorney General of Texas cannot approve as valid voting directives promulgated by the Secretary of State pursuant to Article 1.03 of the Texas Election Code unless as a matter of law reasonable minds could not

differ in the application of such a rule
to the specific fact situation presented.

Yours very truly,

Crawford C. Martin
Attorney General of Texas

Prepared by Alvin Zimmerman
Assistant Attorney General
APPROVED:

OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. O. Shultz
Alfred Walker
Roger Tyler
Jack Sparks

A. J. Carubbi, Jr.
Executive Assistant